IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 FEB -5 A 10: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CHARLES PATRICK HAGAN, JR., )
(Presently Confined at Draper Correctional )
Facility under AIS#224306), )
)
    Petitioner, )
)
VS. )   CASE NUMBER:
)    2:07cv99-wha
JAMES H. DELOACH, Warden of Draper )
Correctional Facility, )
)
    Respondent. )

**PETITION UNDER 28 U.S.C. 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

    1.    I was convicted in the Circuit Court of Montgomery County, Alabama, under Case Numbers CC02-305 and CC02-306.

    2.    I was convicted on June 18, 2002, and sentenced on said date in the Circuit Court of Montgomery County, Alabama.

    3.    I received two twenty-five year sentences to run concurrently.

    4.    I was convicted of two counts of robbery in the first degree.

    5.    The crimes for which I was convicted are referenced in the above Paragraph Four.

    6.    I entered guilty pleas to both charges.

    7.    I did not testify at a pretrial hearing, trial or a post-trial hearing.

    8.    I did not file a direct appeal from the judgment of conviction.

    9.    I have filed two post-conviction petitions pursuant to Rule 32, Alabama Rules of Criminal Procedure, in the Circuit Court of Montgomery County, Alabama.

10.   I filed my first post-conviction proceeding pro se:

    A.   1)   In the Circuit Court of Montgomery County, Alabama.

           2)   The Case Numbers were CC02-305.60 and CC02-306.60.

           3)   I filed my first petition on March 10, 2003.

           4)   This petition was filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

           5)   I raised as grounds for relief that my guilty plea was involuntarily entered, and that I had been denied the effective assistance of counsel under the Sixth Amendment to the United States Constitution.

           6)   I received a hearing on this petition in the Circuit Court of Montgomery County, Alabama.

           7)   I was denied relief in the Circuit Court of Montgomery County, Alabama.

           8)   My petition was dismissed, and relief denied, by the Circuit Court of Montgomery County, Alabama on October 27, 2003.

    B.   1)   I filed a subsequent petition in the Circuit Court of Montgomery County, Alabama.

           2)   This petition was also docketed under Case Numbers CC02-305.61 and CC02-306.61.

           3)   This petition was filed on October 22, 2004.

           4)   This was a petition for post-conviction relief filed pursuant to Rule 32, Alabama Rules of Criminal Procedure.

           5)   I raised the grounds that my guilty plea was not voluntarily and knowingly made. Also, I raised the denial of the effective assistance of counsel under the Sixth Amendment to the United States Constitution. Further, I raised the ground that I had newly discovered evidence that I was unable to present in my first petition.

  6)  I was not afforded an evidentiary hearing on my second petition.

  7)  I was denied relief.

  8)  The date of denial was December 9, 2004.

11. A. Ground One For Relief

1) My guilty plea was not made voluntarily and knowingly. My attorney advised me that I would receive a much lesser sentence than the one I received. My attorney never advised me of the possibility that I would receive a sentence of twenty-five years.

  2) a) I raised this issue in a post-conviction petition.

    b) This issue was raised in a petition filed pursuant to Rule 32, Alabama Rules of Criminal Procedure, in the Circuit Court of Montgomery County, Alabama. It was docketed in that Court under Case Numbers CC02-305.61 and CC02-306.61. The trial court denied relief on December 9, 2004. A copy of that ruling is hereby attached as Exhibit "A".

    c) I did not receive a hearing on this petition.

    d) I appealed the denial of my petition.

    e) I raised this issue in my appeal.

    f) The appeal was filed in the Alabama Court of Criminal Appeals. The appeal was docketed in that Court under Case Number CR04-0826.

    g) I was denied relief by that Court in an opinion issued August 12, 2005. A copy of that opinion is hereby attached as Exhibit "B". I appealed for relief to the Supreme Court of Alabama. My petition for certiorari was denied by that Court on February 10, 2006. A copy of that Order is hereby attached as Exhibit "C".

      B.    Ground Two For Relief

      1)    I was denied the effective assistance of counsel under the Sixth Amendment to the United States Constitution. My lawyer did not properly advise me as to the punishment I would receive before I entered my guilty pleas. Further, he failed to properly advise me as to the length of time I would have to serve in custody.

      2)    a)    This issue was raised by me in state court on a post-conviction petition.

      b)    I filed a petition pursuant to Rule 32, Alabama Rules of Criminal Procedure. It was filed in the Circuit Court of Montgomery County, Alabama. The petition was docketed in that Court under Case Numbers CC02-305.61 and CC02-306.61. The trial court denied relief on this ground as well on December 9, 2004. A copy of this Order has already been referenced as Exhibit "A".

      c)    I did not receive a hearing on this petition.

      d)    I appealed from the denial of my petition.

      e)    I raised this issue in my appeal.

      f)    I filed my appeal with the Alabama Court of Criminal Appeals. The appeal was docketed in that Court under Case Number CR04-0826. That Court denied relief in a published opinion dated August 12, 2005. A copy of this opinion has been referenced as Exhibit "B". Further, my petition for a writ of certiorari was denied by the Supreme Court of Alabama on February 10, 2006. (Exhibit "C")

12.    A.    The grounds raised in this petition have been presented to the highest state court having jurisdiction over this matter.

      B.    All of the above-cited grounds for relief have been asserted in state post-conviction proceedings.

13.    I have not filed previously any petition, application or motion in a federal court regarding this conviction.

14. I have no petition or appeal pending in any other state or federal court in this matter.

15. A. My attorney from the preliminary hearing through sentencing was:

   Honorable Armado Wesley Pitters
   P. O. Box 1973
   Montgomery, AL  356102-1973

   B. My attorney in my post-conviction proceedings and subsequent appeals is:

   Honorable Bruce A. Gardner
   P. O. Box 18636
   Huntsville, AL  35804-8636

16. I have no future sentence to serve in any case.

Therefore, Your Petitioner asks that the Court grant me the right to withdraw my pleas of guilty previously entered and remand these cases for new trial to the Circuit Court of Montgomery County, Alabama, and for such other, further and different relief to which Petitioner my be entitled.

_____
Bruce A. Gardner (GAR019)
Attorney for Petitioner
125 Holmes Avenue, N. W.
P. O. Box 18636
Huntsville, AL  35804-8636
(256) 533-5756

I certify under penalty of perjury that the foregoing is true and correct, this the 5th day of February, 2007.

_____
Charles Patrick Hagan, Jr., Petitioner

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| Charles Patrick Hagan,<br>    Petitioner, | )<br>)<br>) |
| v. | )   Case No.: CC – 02-0305-06-JH |
| STATE OF ALABAMA,<br>Respondent. | )<br>)<br>) |

## ORDER

This matter is before the Court on Petitioner's Petition For Relief From Conviction Or Sentence, filed pursuant to Rule 32, A.R.CR.P., and the State's Answer to Petition for Relief and Motion to Dismiss.

Charles Patrick Hagan was indicted by the Montgomery County Grand Jury on March 8, 2002 for two counts of Robbery I, in violation of, § 13A-8-41, Code of Alabama 1975. The Honorable Amardo Wesley Pitters represented Mr. Hagan in this matter.

On June 18, 2002, Petitioner came before this Court and pled guilty as charged.

The Court conducted a sentencing hearing on July 26, 2002. The State moved to invoke the Weapons Enhancement and the court granted the motion. The Court then sentenced Petitioner to 25 years in the penitentiary on each count.

The Petitioner did not file a direct appeal of these convictions. The Petitioner did file a Rule 32 Petition for Relief on March 10, 2003. Said petition was denied by this honorable Court. On October 22, 2004, the Petitioner filed his second Rule 32 Petition for Relief from Conviction and Sentence by and through his current counsel the Honorable Bruce A. Gardner.

Petitioner alleges that he was denied effective assistance of trial counsel. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel. Petitioner has also failed to show that he was prejudiced by defense counsel's actions. The Court record reflects as much. Furthermore, Strickland requires this Court to examine defense counsel's conduct and

RECEIVED
12-13-04
CIRCUIT COURT CLERK

Petitioner's plea with a strong presumption that counsel's conduct was appropriate and reasonable. Strickland, 466 U.S. at 689. When defense counsel's conduct is examined in such a light, it becomes evident that Petitioner's argument is unfounded. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper. Boles v. State, 717 So.2d 877 (Ala.Crim.App.1998).

Upon consideration thereof, and having taken judicial notice of the Court's own records, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition is hereby **SUMMARILY DISMISSED** without an evidentiary hearing pursuant to Rule 32.7(d) of the Alabama Rules of Criminal Procedure.

DONE this 9th day of December 2004.

Hon. Johnny Hardwick
Circuit Judge
Fifteenth Judicial Circuit

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
AUG 1 2 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0826          Montgomery Circuit Court CC-02-305.61;
                                             CC-02-306.61

Charles Patrick Hagan v. State of Alabama

WISE, Judge.

    The appellant, Charles Patrick Hagan, appeals the circuit court's denial of his petition for post-conviction relief, filed pursuant to Rule 32, Ala. R. Crim. P., in which he challenged his 2002 guilty-plea convictions for two counts of first-degree robbery, in violation of § 13A-8-41, Ala. Code 1975, and the resulting aggregate sentence of 25 years in the penitentiary.

    A direct appeal was filed with this Court, but was dismissed as untimely on December 30, 2002. Hagan filed a Rule 32 petition on March 10, 2003. After an evidentiary

1

hearing, the trial court denied the petition on the merits. This Court affirmed the trial court's dismissal by unpublished memorandum on May 24, 2004. See Hagan v. State, [No. CR-03-0471, May 21, 2004] ___ So. 2d ___ (Ala. Crim. App. 2004)(table).

On October 22, 2004, Hagan filed this, his second Rule 32 petition. In the petition he claimed that he was denied effective assistance of trial counsel. Specifically, he argued that trial counsel promised him that he would receive a sentence that would be substantially less than the sentence imposed by the trial court. He also claimed that trial counsel incorrectly informed him of the length of the sentence he would actually serve. Lastly, Hagan acknowledges that the petition is successive; however, he alleged that he had new evidence material to his claims in the form of an audiotaped conversation revealing the promises made by trial counsel which he was unable to present to the trial court in his first petition through his own ignorance. The trial court, in a detailed written order, denied Hagan's petition on December 13, 2004. The trial court held that Hagan's claims were bare allegations with no evidence to support his claim that counsel rendered ineffective assistance and that he had failed to show any prejudice; thus, he did not meet the mandates of Strickland v. Washington, 466 U.S. 668 (1984).

On appeal, Hagan argues that his plea was involuntary and that he was denied ineffective assistance of counsel; on that basis, he claims that the trial court erred when it denied his petition without holding an evidentiary hearing on those meritorious claims.

Initially, we note that, because Hagan did not first present to the trial court his argument that the trial court erroneously dismissed his petition without holding an evidentiary hearing, Hagan has not preserved this claim for appellate review. Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991). Also, "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997).

In addition, Hagan's claim regarding the voluntariness of his plea, and his claim that his counsel misrepresented the

2

time he would receive by pleading guilty are not properly before this Court. While Hagan attempts to couch his claims in jurisdictional language, these claims are non-jurisdictional issues that are subject to the one-year limitations period outlined in Rule 32.2(c), Ala. R. Crim. P.

This Court has consistently held that claims involving challenges to the voluntariness of a guilty plea are non-jurisdictional claims subject to the time bars set out in Rule 32.2(c), Ala.R.Crim.P. See <u>Waddle v. State</u>, 784 So. 2d 367, 369 (Ala. Crim. App. 2000) (challenges to the voluntariness of a guilty plea are non-jurisdictional); <u>Faulkner v. State</u>, 741 So. 2d 462 (Ala. Crim. App. 1999) (claims relating to the voluntariness of a guilty plea are non-jurisdictional)(ineffective assistance claims that are filed outside of the limitations period set in Rule 32.2(c), Ala. R. Crim. P. are procedurally barred).[1]

Here, Hagan's claim of ineffective assistance of trial counsel was barred as successive under Rule 32.2(b) because they could have been raised in his first Rule 32 petition. Further claims that were not raised in the previous petition are procedurally barred pursuant to the second part of Rule 32.2(b) because Hagan made no attempt to show cause why the claims could not have been raised in his previous petition or to show that failure to entertain the new claims would result in a miscarriage of justice. Finally, Hagan's claim of ineffective counsel was barred under Rule 32.2(d).

Rule 32.7(d), Ala. R. Crim. P., provides for the summary disposition of a Rule 32 petition only "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala. R. Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings ...." Because Hagan failed to allege facts sufficient to support his allegations; his petition was successive under Rule 32.2(b), Ala. R. Crim. P.; and his petition was time-barred under Rule 32.2(c), Ala. R.

---

[1] Effective August 1, 2002, the limitations period in Rule 32.2(c), Ala. R. Crim. P., is one year.

Crim. P., the trial court's summary dismissal of Hagan's petition was proper. Thus, we affirm the trial court's ruling summarily dismissing Hagan's petition. If the trial court's ruling denying the petition is correct for any reason, we will not reverse its decision. Mead v. State, 449 So.2d 1279 (Ala. Crim. App. 1984).

For all of the foregoing reasons, the judgment of the trial court is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., concurs. Cobb, Baschab, and Shaw, JJ., concur in the result.

# IN THE SUPREME COURT OF ALABAMA



February 10, 2006

**1041898**

Ex parte Charles Patrick Hagan. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Charles Patrick Hagan v. State of Alabama) (Montgomery Circuit Court: CC02-305.61; CC02-306.61; Criminal Appeals : CR-04-0826).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.
COST TAXED TO PETITIONER.
    PARKER, J. - Nabers, C.J., and Lyons, Woodall, and Smith, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this _10th_ day of _February, 2006_

Clerk, Supreme Court of Alabama

/bb