IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES PATRICK HAGAN, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:07-CV-99-WHA |
| JAMES H. DELOACH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

## ANSWER

Come now Respondents, by and through the Alabama Attorney General, following this Court's order issued February 6, 2007, and answer Charles Patrick Hagan's (Hagan) instant petition as follows:

1. Respondents admit that Hagan pleaded guilty to two counts of first degree robbery in the Montgomery County Circuit Court on July 26, 2002 and that Hagan was sentenced in each conviction to twenty-five years in the penitentiary. His incarceration is the lawful result of these convictions and sentences.

2. Respondents aver the instant §2254 petition is barred by the one-year period of limitation of 28 U.S.C. 2244(d).

3. Respondents deny that Hagan is entitled to any of the relief he has requested.

## PROCEDURAL HISTORY

4.   On July 26, 2002, Hagan pleaded guilty in the Montgomery County Circuit Court to two counts of first degree robbery, resulting in twenty-five year sentences on each conviction. (Exhibit A; C. 5, 28)  His appeal of the convictions was dismissed as untimely filed and the certificate of judgment was issued on December 30, 2002.  (Exhibit B).

5.   On March 10,  2003 Hagan filed a Rule 32 petition in the Montgomery County Circuit Court, challenging his two guilty plea convictions.  (Exhibit A; C. 1)  He alleged that he was denied effective assistance of counsel; and, that his sentence was excessive and the court lacked jurisdiction to render the judgment because the indictments only charged him with third degree robbery.  (Exhibit A; C. 18-25)  The circuit court dismissed Hagan's Rule 32 petition after finding that the claims were meritless.  (Exhibit A; C. 5)  Hagan, appealed, briefs were submitted, and on May 21, 2004, the Alabama Court of Criminal Appeals affirmed the dismissal of the petition.  (Exhibits C, D & E)  The certificate of judgment was issued on June 9, 2004.  (Exhibit F)

6.   On October 22, 2004, Hagan filed his second Rule 32 petition in the Montgomery County Circuit Court claiming that he was denied effective assistance of counsel.  (Exhibit G; C. 6-7)  Specifically Hagan alleged that

2

trial counsel promised him that he would receive a sentence that would be substantially less than the sentence imposed by the trial court, and that trial counsel had misrepresented to him the sentence he would receive.

On December 9, 2004, the Montgomery County Circuit Court, after having reviewed Hagan's petition and the State's response, dismissed Hagan's Rule 32 petition, finding that the petition was meritless.  (Exhibit G; C. 15-16)

7.  Hagan appealed the dismissal of his Rule 32, and on August 12, 2005 the Alabama court of Criminal Appeals issued a memorandum opinion stating in part:

> On appeal, Hagan argues that his plea was involuntary and that he was denied ineffective assistance of counsel; on that basis, he claims that the trial court erred when it denied his petition without holding an evidentiary hearing on those meritorious claims.
>
> Initially, we note that, because Hagan did not first present to the trial court his argument that the trial court erroneously dismissed his petition without holding an evidentiary hearing, Hagan has not preserved this claim for appellate review.  Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991).  Also, '[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."  Arrington v. State, 716 So. 2d 337, 239 (Ala. Crim. App. 1997).
>
> In addition, Hagan's claim regarding the voluntariness of his plea, and his claim that his counsel misrepresented the time he would receive by pleading guilty to couch his claim in jurisdictional language, these claims are non-jurisdictional issues that are subject to the one-year limitations period outlined in Rule 32.2(c), Ala.R.Crim.P.

This Court has consistently held that claims involving challenges to the voluntariness of a guilty plea are non-jurisdictional claims subject to the time bars set out in Rule 32.2(c), A.R.Crim.P. See Waddle v. State, 784 So. 2d 367, 369 (Ala. Crim. App. 2000) (challenges to the voluntariness of a guilty plea are non-jurisdictional); Faulkner v. State, 741 So. 2d 462 (Ala. Crim. App. 1999) (claims relating to the voluntariness of a guilty plea are non-jurisdictional) (ineffective assistance claims that are filed outside of the limitations period set in Rule 32.2, Ala. R. Crim. P. are procedurally barred).

Here, Hagan's claim of ineffective assistance of trial counsel was barred as successive under Rule 32.2(b) because they could have been raised in his first Rule 32 petition. Further, claims that were not raised in the previous petition are procedurally barred pursuant to the second part of Rule 32.2(b) because Hagan made no attempt to show cause why the claims could have been raised in his previous petition or to show that failure to entertain the new claims would result in a miscarriage of justice. Finally, Hagan's claim of ineffective counsel was barred under Rule 32.2(d). (Exhibit H)

8. Hagan's application for rehearing was denied on September 2, 2005, and on February 10, 2006, the Supreme Court of Alabama denied Hagan's petition for writ of certiorari. (Exhibits I and J).

Hagan filed this instant §2254 petition on February 5, 2007. (§2254 petition, p. 1) His petition is time-barred under 28 U.S.C. §2244(d). Hagan has not established grounds for equitable tolling.

<u>One-Year Period of Limitation Under Title 28 U.S.C. §2244(d)</u>

9. Hagan's petition is barred by the one-year period of limitation of

Title 28 U.S.C. §2244(d).  Because Hagan failed to timely file an appeal of his convictions, the one-year period of limitation applicable to his case began 42 days from his sentencing date of July 26, 2002, or September 6, 2002.

Under Title 28 U.S.C. §2244(d)(2), the legislatively-created one-year period of limitation may be tolled for "The time during which a properly filed application of State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...:.  Hagan filed a Rule 32 petition on March 10, 2005; however, Hagan's petition was dismissed and the dismissal was subsequently affirmed by the Alabama Court of Criminal Appeals with the certificate of judgment being issued on June 9, 2004. (Exhibit F).  Six months and four days had expired between the time for filing an appeal and the filing of his first Rule 32 petition.

10.  On October 22, 2004, Hagan filed his second Rule 32 petition in the Montgomery County Circuit Court; however, this petition did not toll the statute of limitation because the Alabama Court of Criminal Appeals held that Hagan's Rule 32 petition was time-barred by Rule 32.2(c), A.R.Crim.P. Under the United States Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408, (2005), the court held petitions for collateral relief that were untimely filed were not "properly filed"  and did not entitle a petitioner to

equitable tolling under §2244(d)(2).  Pace at 417,  Also see Webster v. More, 199 F. 2d 1256, 1259 (11th Cir. 2001).

Because Hagan's second Rule 32 petition did not toll the running of the limitation period, an additional two years and eight months expired before Hagan filed this instant §2254 petition.

Should this Court decide the second Rule 32 petition did toll the limitation period of Hagan's §2254 petition, the one-year limitation period of §2244(d) has still expired because over five months and five days passed before Hagan filed his first Rule 32 petition or 42 days after September 5, 2002.  Four months and eleven days passed between the certificate of judgment in his first Rule 32 petition and the filing of his second Rule 32 petition; and, approximately twelve months expired between the certificate of judgment of Hagan's second Rule 32 petition and the filing of the instant petition.

Hagan's §2254 was filed more than three years late, and he has not alleged any extraordinary circumstances or shown actual innocence to excuse the tardiness of the filing.  Hagan's §2254 petition is time-barred.

WHEREFORE, THE PREMISES CONSIDERED, Respondents pray for the dismissal of the instant §2254 petition for the reasons stated.


Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:



/s/Daniel W. Madison
Daniel W. Madison (MAD029)
*Assistant Attorney General*

**Exhibit List**

| | |
|---|---|
| Exhibit A | Hagan's first Rule 32 petition; |
| Exhibit B | Alabama Court of Criminal Appeals order dismissing Hagan's direct appeal as untimely ; |
| Exhibit C | Hagan's brief on appeal of denial of Rule 32 petition; |
| Exhibit D | State's brief on appeal of denial of Rule 32; |
| Exhibit E | Alabama Court of Criminal Appeals memorandum opinion affirming dismissal of Rule 32; |
| Exhibit F | Certificate of Judgment of Affirmance; |
| Exhibit G | Hagan's second Rule 32 petition; |
| Exhibit H | Alabama Court of Criminal Appeals memorandum opinion affirming dismissal of Rule 32 as time-barred; |
| Exhibit I | Alabama Court of Criminal Appeals order denying Hagan's application for rehearing; |
| Exhibit J | Alabama Supreme Court's denial of Hagan's Writ of Certiorari. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2007, I electronically filed the foregoing Answer including all exhibits with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service a copy of this Answer including exhibits to the following non-CM/ECF participants:

Charles Patrick Hagan
AIS #224306
P.O. Box 1107
Elmore, Alabama  36025

/s/Daniel W. Madison
Daniel W. Madison (MAD029)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  DMadison@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
238049/HAGAN
105098-001

Vol 1 of 1

CR-03-0471

COURT OF CRIMINAL APPEALS NO.

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF Montgomery COUNTY, ALABAMA

CIRCUIT COURT NO. CC-02-305.60 -306.60

CIRCUIT JUDGE Johnny Hardwick

Type of Conviction / Order Appealed From: Denial of Rule 32

Sentence Imposed:

Defendant Indigent: ☑ YES ☐ NO

Charles P. Hagan

NAME OF APPELLANT

Charles Patrick Hagan # 224306
(Appellant's Attorney)                    (Telephone No.)
P.O. Box 1107
(Address)
Elmore, AL 36025
(City)          (State)          (Zip Code)

V.

STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

(For Court of Criminal Appeals Use Only)



EXHIBIT
A

## INDEX – CLERK'S RECORD

| | |
|---|---|
| CASE ACTION SUMMARY | 1-4 |
| RULE 32 | 5-43 |
| STATE'S MO OF EXTENSION OF TIME | 44-45 |
| MO FOR SUMMARY JUDGMENT | 46-47 |
| MO TO STRIKE | 48-49 |
| ORDER DENYING RULE 32 | 50 |
| NOTICE OF APPEAL | 51 |
| REPORTER'S TRANSCRIPT ORDER | 52 |
| DOCKETING STATEMENT | 53-54 |
| CERTIFICATE OF APPEAL | 55-56 |
| CERTIFICATE OF COMPLETION | 57 |

```
CR0372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000305.60
PER: TOR                    CASE ACTION SUMMARY                RUN DATE: 07/02/2003
AGE:    1                   CIRCUIT  CRIMINAL
==========================================================================JUDGE: J-H
   THE CIRCUIT COURT OF MONTGOMERY

 TATE   OF  ALABAMA               VS      HAGAN CHARLES PATRICK
                                          DRAPER C.C. #224306 C-4D
 ASE: CC 2002 000305.60                   P.O. BOX 1107
                                          ELMORE, AL  36025 0000

 OB: 03/16/1983         SEX: M  RACE: B  HT: 5 10  WT: 165   HR: BLK EYES: BLK
 SN: 556811350  ALIAS NAMES:
==========================================================================
 HARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
 FFENSE DATE:                           AGENCY/OFFICER: 0020100

 ATE WAR/CAP ISS:                    DATE ARRESTED: 12/17/2001
 ATE    INDICTED:                    DATE    FILED: 06/26/2003
 ATE    RELEASED:                    DATE  HEARING:
 OND      AMOUNT:    $200,000.00          SURETIES:

 ATE 1:              DESC:            TIME: 0000
 ATE 2:              DESC:            TIME: 0000

 RACKING NOS: CC 2002 000305 00

   DEF/ATY:                        TYPE:                           TYPE:

                              00000                    00000

 ROSECUTOR:

==========================================================================
 TH CSE: CC200200030500 CHK/TICKET NO:                     GRAND JURY:
  T REPORTER:                    SID NO:    000000000
   STATUS: PRISON               DEMAND:                           OPER: TOR
==========================================================================
 ATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
==========================================================================
```

| | |
|---|---|
| 7/03/03 | Copy to DA |
| 8/14/03 | Motion to Dismiss or in the alternative, answer |
| 8/15/03 | Motion for Summary Judgment |
| 8-4-03 | Motion To Strike |
| 8-4-03 | Order Signed Denying Motion To Strike |
| 8-26-03 | Order Signed Denying Motion For Summary Judgment |
| 7-24-03 | States Motion Of Extension Of Time |
| 8-4-03 | Order Signed 7-31-03 Granting States Motion Of Extension Of Time |

CRG049  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N
CASE ACTION SUMMARY
CONTINUATION                           CASE: CC 2002 000305.60
                                        JUDGE ID:  J-H

...IE OF ALABAMA                 VS   HAGAN CHARLES PATRICK

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| ~~10-20-03~~ | |
| 10-27-03 | Order Denying Rule 32 |
| 11/06/03 | Notice Of Appeal w/ Forms |
| 12/29/03 | Certificate Of Appeal To Crm. Appls, AG, DA, Crt Reporters Defendant |

```
CRO372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000306.60
PER: TOR                  CASE ACTION SUMMARY                  RUN DATE: 07/02/2003
AGE:  1                    CIRCUIT  CRIMINAL
                                                              JUDGE: J-H
   HE CIRCUIT COURT OF MONTGOMERY
                                          VS     HAGAN CHARLES PATRICK
 TATE  OF  ALABAMA                               DRAPER C.C. #224306 2-2D
                                                 P.O.BOX 1107
 ASE: CC 2002 000306.60                          ELMORE, AL  36025 0000

 OB: 03/16/1983      SEX: M  RACE: B  HT: 5 10  WT: 165    HR: BLK  EYES: BLK
 SN: 556811360  ALIAS NAMES:
 HARGE01: RULE 32-FELONY         CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
 FFENSE DATE:                            AGENCY/OFFICER: 0030100

 ATE WAR/CAP ISS:                        DATE ARRESTED: 11/09/2001
 ATE    INDICTED:                        DATE    FILED: 06/26/2003
 ATE    RELEASED:                        DATE  HEARING:
 OND       AMOUNT:    $750,000.00             SURETIES:

 ATE 1:               DESC:              TIME: 0000
 ATE 2:               DESC:              TIME: 0000

 RACKING NOS: CC 2002 000306 00
                                  TYPE:                        TYPE:
   DEF/ATY:

                        00000                         00000

 ROSECUTOR:

 TH CSE: CC200200030600 CHK/TICKET NO:                    GRAND JURY:
  T REPORTER:                  SID NO:       000000000
  STATUS: PRISON              DEMAND:                         OPER: TOR
 ATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
```

| Date | Actions, Judgements, and Notes |
|---|---|
| 7/03/03 | Copy to DA |
| 8-15-03 | Motion For Summary Judgment |
| 8-26-03 | Order Signed Denying Motion For Summary Judgment |
| 7-24-03 | Status Motion Of Extension Of Time |
| 8-4-03 | Order Signed 7-31-03 Granting Status Motion Of Extension Of Time |
| 10/02/03 | Hearing, Rule 32, Set for Oct 16, 2003 at 2:00 P.M. |
| 10-27-03 | Order Denying Rule 32 |

CRC069  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000306.60
JUDGE ID:  J-M

|nE OF ALABAMA | VS | HAGAN CHARLES PATRICK |

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 11/06/03 | Notice Of Appeal w/ Forms |
| 12/29/03 | Certificate Of Appeal To Crm Appls, A.G., DA, Crt Reporters & Defendant |

**5**

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

Case Number

CC 02 306 J-1
ID   YR   NUMBER

IN THE __Circuit__ COURT OF __Montgomery__ ALABAMA

__Charles Patrick Hagen__ VS. __State of Alabama__
Petitioner (Full Name)                    Respondent

[Indicate either the "State" or,

*Judge Hardwick, 4/09/0*

*Does def need to pay $149.00 for Rule 32 filing fee?*

Prison Number __224306__ Place of Confinemer

County of conviction __Montgomery__

*Thank you*
*Tonica ext. 126*

NOTICE:   BEFORE COMPLETING THIS FORM, RE
THE ACCOMPANYING INSTRUCTIONS

1.   Name and location (city and county) of court which entered the juc
or sentence under attack __Montgomery__ *No! Hardwick 7/16/03*

2.   Date of judgment of conviction __July 26, 2002__

3.   Length of sentence __25 yrs__

4.   Nature of offense involved (all counts) __Robbery in the First Degree__

5.   What was your plea?   (Check one)
     (a)   Guilty __✓__
     (b)   Not guilty _____
     (c)   Not guilty by reason of mental disease or defect _____
     (d)   Not guilty and not guilty by reason of mental disease or defect _____

**RECEIVED**
*7/21/03*

*[left margin handwritten:] 4/16/03 Sent to J+ filing fee copy. Sent to copy. Sent to J+ to see if J+D is DS to pay to DA.*

Kind of trial: (Check one)

(a)  Jury _____          (b)  Judge only _____ ✓

7.  Did you testify at the trial?

Yes _____          No __✓__

8.  Did you appeal from the judgment of conviction?

Yes _____          No __✓__

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court _____

(2)  Result _____ N/A _____

(3)  Date of result _____

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____ N/A _____

(3)  Date of result _____

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____ N/A _____

(3)  Date of result _____

). Other than a direct app... from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

          _____

          _____

          _____

          (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____          No _____

     (5)  Result _____

     (6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

     (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

          _____

          _____

          _____

          (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____          No _____

     (5)  Result _____

     (6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

*N/A*

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No ___✓___

(5)  Result _____ *N/A* _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No ___✓___

(2)  Second petition, etc.          Yes _____          No ___✓___

(2)  Third petition, etc.          Yes _____          No ___✓___

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

*N/A*

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include **all** facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

___✓___  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

X (1)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)    Conviction obtained by use of coerced confession.

(3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)    Conviction obtained by a violation of the privilege against self-incrimination.

(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)    Conviction obtained by a violation of the protection against double jeopardy.

(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

X X (9)    Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B.    The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.    The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.    Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.    Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___✓___    F.    **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.    **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____            No ___✓___

B.    If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)    Name of court _____

(b)    Result _____ N/A _____

(c)    Date of result _____
       (attach additional sheets if necessary)

C.    If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were\not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No ___✓___

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _Wesley Pitter_
_1145 S. Perry St. Montgomery, AL 36104_

(b) At arraignment and plea _Same_

(c) At trial _N/A_

(d) At sentencing _Same_

(e) On appeal _Richard Keith_

(f) In any post-conviction proceeding _Pro Se_

(g) On appeal from adverse ruling in a post-conviction proceeding _N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No __✓__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __✓__

(a) If so, give name and location of court which imposed sentence to be served in the future: _N/A_

(b) And give date and length of sentence to be served in the future: _N/A_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __✓__

18. What date is this petition being mailed?
_March 10, 2003_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____ March 12th 2008 .
(Date)

X _Charles Vega_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _12th_ day of _March_ 2008 .

_Will C. Mill_
Notary Public

## OR *

### ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ .
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the ____ day of _____ .

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____
_____
_____
_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

**I3**

Case Number

*CC 2002-306*    *J-H*

ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*In the Circuit Court of Montgomery Co Alabama*

[Insert appropriate court]

*Charles Patrick Hagan*

(Petitioner)

vs.

*State of Alabama*

(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Charles P. Hagan_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No __✓__

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____*N/A*_____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____*INCARCERATED*_____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____    No __✓__

   b. Rent payments, interest, or dividends?

   Yes _____    No __✓__

   c. Pensions, annuities, or life insurance payments?

   Yes _____    No __✓__

   d. Gifts or inheritances?

   Yes __✓__    No _____

   e. Any other sources?

   Yes _____    No __✓__

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

Occcsional Sift from family to buy toiletry items

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____    No _____    see PMOD

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

N/A

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____    No _____

If the answer is "yes", describe the property and state its approximate value.

N/A

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __2-27-03__.

(Date)

Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _2255_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Draper Correctional_ institution:

__2-27-03__
DATE

F.S. Brown Acct. Clerk
AUTHORIZED OFFICER OF INSTITUTION

CC 02-306  t-5

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
DRAPER CORRECTIONAL FACILITY

AIS #:  224306          NAME:  HAGAN,CHARLES P

THESE FIGURES ARE AS OF:  02/27/2003

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| AUG   | 4         | $0.00             | $0.00            |
| SEP   | 30        | $0.00             | $0.00            |
| OCT   | 31        | $0.00             | $0.00            |
| NOV   | 30        | $0.71             | $10.07           |
| DEC   | 31        | $45.70            | $150.00          |
| JAN   | 31        | $5.85             | $105.00          |
| FEB   | 27        | $14.11            | $150.00          |

**16**

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHARLES P. HAGAN                )(
Petitioner,

                                )(
VS.                                     CASE NO.: CC-02-306

                                )(
STATE OF ALABAMA,
Respondent.                     )(

## ATTACHMENT TO THE RULE 32 PETTIION FOR
## POST CONVICTION RELIEF PURSUANT TO RULE 32, A.R.Cr.P.

Comes Now, Charles Hagan, Pro Se, and from herein known as the Petitioner, and submits this attachment to the Rule 32 petition for post-conviction relief, the Petitioner will aver and argue the following grounds entitle him to relief:

### GROUNDS FOR RELIEF

1). CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.

2). DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL (TRIAL AND APPELLATE).

3). THE PETITIONER FAILED TO APPEAL WITHIN THE PRESCRIBED TIME AND THAT FAILURE WAS WITHOUT FAULT ON PETITIONERS PART.

### FACTS/GROUNDS FOR RELIEF

Petitioner entered into a plea agreement on 6/18/2002.

Petitioner's Attorney lead the Petitioner to believe that he was receiving a 20 split 7 year sentence for his guilty plea.

Petitioner signed the plea agreement unknowingly and unvoluntarily.

On 8/26/2002, the Petitioner Trial Attorney Amardo Wesley Pitters 1145 South Perry Street, Montgomery, AL 36104, filed a

Motion for New Trial or in the Alternative to amend, vacate, alter, or set aside sentence pronounced.

On 10-31-2002, Trial Counsel Pitter Filed a Motion to withdraw as counsel of record and for appointment of appellate counsel.

On 11-7-2002, this Honorable Court issued an order appointing Richard Keith on appeal as (appellate counsel).

On 11-7-2002, Attorney Richard Keith a Motion to withdraw as counsel was granted citing conflict of interest because he was defending the Petitioner's Co-Defendant.

On 12-12-2002, Aimee C. Smith, was appointed to represent the Petitioner on appeal that through investigation by Aimee C. Smith, she discovered that previously appointed appellate counsel who was allowed to withdraw due to a conflict had failed to file a timely notice of appeal and petitioner's appeal was dismissed as such on December 30, 2002.

Petitioner maintains that Rule 32, A.R.Cr.P., is the proper remedy to test the validity of a guilty plea. Cantu v. State, 660 So.2d 1026 (Ala. 1995).

The Petitioner further maintains that under Rule 32.2(c), A.R.Cr.P., this petition is clearly within the two (2) year limitation period established by that Rule, therefore, this courts jurisdiction is invoked and the petition is ripe for adjudication.

The Petitioner argues that the following issues entitle him to relief via withdrawal of the guilty plea in this case.

ARGUMENT ONE

CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.

SUPPORTING FACTS:

On June 18, 2002, the Petitioner entered a plea of guilty to Robbery in the First Degree in violation of 13A-8-41, Code of Alabama, (1975), and was sentenced to a 25 year sentence and Petitioner was then transferred to the State Penitentiary.

Petitioner contends that he entered into said plea agreement only because his Trial Attorney Amardo Wesley Pitters, told him that he had worked out a plea agreement of 20 years split 7 years to serve.

Petitioner contends that had he known that he was going to receive a 25 year sentence he would not have accepted the guilty plea.

Petitioner argues that the sentence and conviction in Case No. CC-02-306 was obtained in violation of Rule 14.4(a)(1)(2), A.R.Cr.P., more specifically, the Petitioner maintains that the trial court did not correctly advise him of the minimum sentence that he could receive by entering a guilty plea, as required by Rule 14.4(a)(1)(2), A.R.Cr.P., and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), more specifically, the Petitioner argues that his plea was not knowingly and voluntarily entered because at the time he entered his plea he had not been informed that by pleading guilty to Robbery in the

**19**

First Degree, that he would receive a 25 year sentence instead of the 20 split 7 that his Trial Attorney claims that he had worked out with the District Attorney and Judge.

"It was held that inadequate assistance of counsel does not satisfy the Sixth Amendment right to counsel made applicable to the states through the Fourteenth Amendment noting precedent to the effect that a guilty plea is open to attack on the ground that counsel did not provide the defendant with "reasonably competent advise." Cuyler v. Sullivan, 446 U.S. 335, 64 L.Ed.2d 333, 100 S.Ct. 1708 (1980).

In a recent dissenting opinion by the Alabama Court of Criminal Appeals in King v. State, [Ms. CR-01-1784, January 31, 2003]____So.2d_____(Ala.Cr.App. 2003), the Dissenting Judges held that: "Since the January 1, 1991, effective date of Rule 14.4, Alabama law has consistently held that when an accused pleads guilty on the basis of misinformation as to the range of punishment, the guilty plea is involuntary." See, e.g., Cantu v. State, 660 So.2d 1026 (Ala. 1994); Burns v. State, 778 So.2d 246 (Ala.Cr.App. 2000); Handley v. State, 686 So.2d 540 (Ala.Cr.App.1996).

Petitioner argues that his guilty plea is null and void due to its not being voluntary due to the misinformation of the possible minimum and maximum sentences.

In the case of: Bozeman v. State, 686 So.2d 556 (Ala.Cr.App. 1996), the Court of Criminal Appeals held that "Even though Rule 14.4(a)(1)(iii), contradicts case law decided

**20**

prior to its effective date, we feel that the rationale behind this Rule, which is to ensure that "[Defendant has a full understanding of what the plea connotes and of its consequences," is to ensure that a guilty plea is knowingly and voluntarily entered as mandated by <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

**21**

## ARGUMENT TWO

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner contends that had he known that he was going to receive a 25 year sentence instead of the 20 split 7 year sentence that his trial counsel had promised he would never have plead guilty to the charge.

Petitioner contends that "Counsel has a duty to exercise diligence in preparing a case for trial and in procuring witnesses." Weaver v. State, 401 So.2d 344 (Ala.Cr.App. 1981); Terry v. State, 601 So.2d 161 (Ala.Cr.App. 1992).

Petitioner contends that but for trial counsel's unprofessional errors the outcome would have been different.

In the Strickland test the Petitioner must prove whether trial counsel's performance was deficient, the counsel's performance must be evaluated for "reasonableness under prevailing professional norms". Id. at 688, 104, S.Ct. at 2065. Courts should presume effectiveness and should avoid second guessing with the benefit of hindsight. Id. at 689, 104 S.Ct. at 2065. Specifically, Strickland encouraged reviewing courts to allow attorneys broad discretion to represent their clients by pursuing their own strategy. However, the Court recognized that merely invoking the word strategy to explain errors was insufficient since "particular decision[s] must be directly accessed for reasonableness [in light of ] all the circumstances." Id. at 691, 104 S.Ct. at 2066.

It stands to reason that when the Circuit Court failed to


continue the Motion for New Trial in a reasonable amount of time prior to the 42 day time period running out for filing a timely notice of appeal, that trial counsel would have filed said timely notice of appeal. Instead he allowed the 42 day time period to lapse thereby barring the petitioner's chances at appellate review. This cannot be considered a harmless error or even trial strategy, it is plain and simply ineffective assistance of counsel.

The trial court had jurisdiction and authority to deny the motion for new trial and motion to withdraw guilty plea, however, this court can not deny the petitioners right to appeal his conviction, as the appellate court has stated, "A criminal defendant is guaranteed one appeal from his conviction, and that appeal is to the Court of Appeals." State v. Tarver, 629 So.2d 14, 18 (Ala.Cr.App. 1993). Trial Counsel's "unreasonable performance" has proven the Strickland prong of ineffective assistance of trial counsel. It was held in United States v. Easter, 539 F.2d 663 (1976), "As we perceive the standard established in our prior decisions it is that trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonable competent attorney would perform under similar circumstances. When he fails in the performance of this duty the proceedings may be said to have been reduced to a 'farce' and 'mockery of justice".

Petitioner contends that trial counsel failed to request a lesser included offense of second or third degree robbery since

the element of Robbery in the First Degree dealing with Serious physical injury was not proven. The element of third degree robbery is proven and thereby a conviction of third degree robbery would have stood as a lesser included offense. "The Supreme Court of the United States has held: "This Court's decision establish that a state criminal trial, a proceeding initiated and conducted by the State itself, is an action of the State within the meaning of the Fourteenth Amendment. When it held that a defendant who must face felony charges in state court without the assistance of counsel guaranteed by the Sixth Amendment has been denied due process of law. Unles a defendant charged with a serious offense has counsel able to invoke the procedural and substantive safeguards that distinguish our system of justice, a serious risk of injustice infects the trial itself. When a State obtains a criminal conviction though such a trial, it is the State that unconstitutionally deprives the defendant of his liberty. Our decisions make clear that inadequate assistance does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment. A guilty plea is open to attack on the ground that counsel did not provide defendant with "reasonably competent advise." Cuyler v. Sullivan, 446 U.S. 33, 64 L.Ed.2d 333, 100 S.Ct. 1708 (1980).

Petitioner argues that when taken in the totality of the consequences as weighted that pleading guilty to a Class A felony without fully understanding the consequences and the

23

nature of the plea, that it violated his Sixth Amendment right to "Reasonably Competent Advise." <u>Cuyler, supra</u>.

24

## ARGUMENT THREE

### INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL

Petitioner contends that this Honorable Court appointed Richard Keith to file a timely appeal for the Petitioner, however, instead of filing a timely appeal and raising ineffective assistance of trial counsel on appeal, the appointed trial counsel on the same day he was appointed filed a motion to withdraw as appeal counsel due to a conflict. This further impeded the petitioner's guaranteed right to an appeal. A notice of appeal was filed on 11-21-2002, which was way beyond the 42 day time limit allowed for filing an appeal. The Court of Appeals would have heard the petitioner's appeal further if petitioner had been able to prove that the Judge, District Attorney, and his Trial Attorney Wesley Pitters had all agreed to continue the Motion for New Trial beyond September 24, 2002. However, there was no way to prove this fact due to no record every being made of this proceeding.

Petitioner contends that the fact that he failed to appeal within the prescribed amount of time through no fault of his own was is his argument.

The Appeals Court has held in Hulsey v. State, 527 So.2d 790 (Ala.Cr.App. 1988) that Appellant [Petitioner] further contends that Rule 32.1(f), A.R.Cr.P. provides that the Appellant [Petitioner] may secure appropriate relief upon the ground that he "failed to appeal within the prescribed time and that failure was without fault on appellant's [petitioner's] part."

25

Petitioner is entitled to an evidentiary hearing on this Rule 32 and an appointment of counsel to perfect an out-of-time appeal.



ARGUMENT FOUR

PETITIONER FAILED TO APPEAL WITHIN THE PRESCRIBED TIME AND THAT
FAILURE WAS WITHOUT FAULT ON PETITIONERS PART.

As previously stated that since the Petitioner did not know
that his trial counsel and appeal counsel had both failed to
give timely notice of appeal, then failure to appeal was though
no fault of petitioners. Petitioner was promised a 20 split 7
years for his guilty plea, this was the understanding that he
had with his trial attorney who claimed that he had made this
agreement with the District Attorney and the Judge.

Because the Petitioner signed the plea bargain before he
was sentenced he had no way of knowing that he would receive 25
years for the pleading guilty. Therefore, his plea of guilty is
null and void due to it being unknowingly and unintelligently
entered into.

Petitioner contends that because he was not allowed an
appeal he has been prejudiced by this illegal and void plea
agreement. And that there is a breach of the agreement and this
case should be set for a evidentiary hearing as soon as
possible.

RELIEF SOUGHT

Petitioner seeks a calendar court date to hold an
evidentiary hearing pursuant to Rule 32.9(a), A.R.Cr.P., in said
order, the Petitioner seeks an order to be transferred from his
place of imprisonment to this court to be present at said
evidentiary hearing.

27

After hearing, and reviewing evidence in this matter, that the Petitioner be allowed to withdraw his guilty plea pursuant to Rule 14.4(e), A.R.Cr.P., and be allowed to enter a plea consistent with what he was promised and/or in alternative restore this case to the trial docket. Done this 2ND day of APRIL ,2003.

Respectfully Submitted,

*Charles P. Hagan*

CHARLES P. HAGAN
Petitioner/Pro Se
P.O. Box 1107
Elmore, AL 36025

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the Respondents by placing a copy of the same in the U.S. mail postage prepaid and properly addressed. Done this 2ND day of APRIL ,2003.

*Charles P. Hagan*

Charles P. Hagan
Petitioner/Pro Se

Prepared by:
Jeffery Kirby
Draper Law Clerk
CPH/jek/2003

0434-48A
Rev 28

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

**(Pursuant to Rule 32,**

**Alabama Rules of Criminal Procedure)**

Case Number

CC 02-305 36.60 J-H

| ID | YR | NUMBER |

IN THE _CIRCUIT_ COURT OF _MONTGOMERY CO._ ALABAMA

_Charles Hagan_ vs. _State of Alabama_

Petitioner (Full Name)          Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _2243N6_          Place of Confinement _Draper C.C._

County of conviction _Montgomery_

**NOTICE:** **BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Montgomery, Montgomery_

2. Date of judgment of conviction _July 26, 2002._

3. Length of sentence _25 years_

4. Nature of offense involved (all counts) _Robbery I^st (both counts)_

5. What was your plea?    (Check one)

   (a)  Guilty _✓_

   (b)  Not guilty _____

   (c)  Not guilty by reason of mental disease or defect _____

   (d)  Not guilty and not guilty by reason of mental disease or defect _____

**29**

Kind of trial: (Check one)

(a)   Jury _N/A_                                    (b)   Judge only _N/A_

7.   Did you testify at the trial?

Yes _N/A_                          No _N/A_

8.   Did you appeal from the judgment of conviction?

Yes _✓_                          No _____

9.   If you did appeal, answer the following:

(a)   As to the state court to which you first appealed, give the following information:

(1)   Name of court _Court of Criminal Appeals_

(2)   Result _Denied_

(3)   Date of result _N/A_

(b)   If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)   Name of court _N/A_

(2)   Result _N/A_

(3)   Date of result _N/A_

(c)   If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)   Name of court _N/A_

(2)   Result _N/A_

(3)   Date of result _N/A_

**30**

0. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ✓        No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

    (a)  (1)  Name of court   *Montgomery County Circuit Court*

          (2)  Nature of proceeding   *Rule 32 Petition*

          (3)  Grounds raised   *N/A*

      (attach additional sheets if necessary)

          (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

              Yes _____        No ✓

          (5)  Result   *N/A*

          (6)  Date of result   *N/A*

    (b)  As to any second petition, application, or motion, give the same information:

          (1)  Name of court   *N/A*

          (2)  Nature of proceeding   *N/A*

          (3)  Grounds raised   *N/A*

      (attach additional sheets if necessary)

          (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

              Yes _____        No ✓

          (5)  Result   *N/A*

          (6)  Date of result   *N/A*

    (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

          (1)  Name of court   *N/A*

(2)  Nature of proceeding _N/A_____

(3)  Grounds raised _N/A_____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No _✓_

(5)  Result _N/A_____

(6)  Date of result _N/A_____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _N/A_          No _N/A_

(2)  Second petition, etc.       Yes _____          No _✓_

(2)  Third petition, etc.         Yes _____          No _✓_

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not: _N/A_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_✓_  A.  <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

✓ B. **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✓ C. **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E. **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

**The facts do not merely amount to impeachment evidence; and**

**If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes ✓            No _____

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court  *Montgomery County Circuit Court*

(b)  Result  *It have not been ruled upon.*

(c)  Date of result  *N/A*
(attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ✓            No _____

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)  At preliminary hearing _N/A_

(b)  At arraignment and plea _Amardo Wesley Pitters_

(c)  At trial _N/A_

(d)  At sentencing _Amardo Wesley Pitters_

(e)  On appeal _N/A_

(f)  In any post-conviction proceeding _N/A_

(g)  On appeal from adverse ruling in a post-conviction proceeding _N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _✓_                        No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____                      No _✓_

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____
_N/A_

(b)  And give date and length of sentence to be served in the future: _____
_N/A_

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____                      No _✓_

18. What date is this petition being mailed?

_June 26, 2003_

   Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___D6-25-03___.
(Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 25th day of ___June___ 2003

MY COMMISSION EXPIRES: 03/11/06    _____
Notary Public

### OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

---

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

Case Number **36**

CV 02- 305/506.6C
ID   YR   NUMBER  J-1
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA*
[Insert appropriate court]

*Charles Hagan* #224306
(Petitioner)

vs.

*State of Alabama*
(Respondent(s))

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, *Charles Hagan* #224306 , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.  *N/A*

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.  *N/A*

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?
      Yes _____    No ✓

   b. Rent payments, interest, or dividends?
      Yes _____    No ✓

   c. Pensions, annuities, or life insurance payments?
      Yes _____    No ✓

   d. Gifts or inheritances?
      Yes _____    No ✓

   e. Any other sources?
      Yes _____    No _____

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.  *N/A*

3.  Do you own cash, or do you have money in a checking or savings account?

    Yes __✓__                    No _____

    (Include any funds in prison accounts.)

    If the answer is "yes", state the total value of the items owned.

    *Unknown as of the moment.*

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

    Yes _____                   No __✓__

    If the answer is "yes", describe the property and state its approximate value.

    *N/A*

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    *N/A*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___*6-8-03*___.
                  (Date)

                                          *Charles Nogar.*
                                          Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ *13.1* _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said *Draper corr. fac* _____ institution:

*6-17-03*
DATE

                          *F. S. Brown — Acct. Clerk*
                          AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3

**38**

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
DRAPER CORRECTIONAL FACILITY

AIS #: 224306    NAME: HAGAN, CHARLES PATRICK    AS OF: 06/01/2003

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| JUN | 29 | $0.00 | $0.00 |
| JUL | 31 | $0.00 | $0.00 |
| AUG | 31 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.71 | $10.07 |
| DEC | 31 | $45.70 | $150.00 |
| JAN | 31 | $5.85 | $105.00 |
| FEB | 28 | $13.65 | $150.00 |
| MAR | 31 | $12.94 | $210.00 |
| APR | 30 | $14.16 | $104.00 |
| MAY | 31 | $6.37 | $95.00 |
| JUN | 1 | $2.21 | $0.00 |

> **THE PETITIONER'S SENTENCE IS ILLEGAL DUE TO
> HIS INDICTMENT CHARGES ONLY (3RD) THIRD
> DEGREE ROBBERY; THEREFORE, PETITIONER HAS
> BEEN CHARGED IN EXCESS OF THE MAXIMUM
> SENTENCE AUTHORIZED BY LAW.**

**THE PETITIONER,** was indicted for Robbery in the (1st) first degree

and was enhanced to first degree by subsection of 13A-8-41 (a) (1),

which states:

(1) Is armed with a deadly weapon or dangerous instrument a person

commits the crime of Robbery in the (1st) degree if he violates

section 13A-8-43, Code of Alabama, (1975), **which states as** follows:

> 13A-8-43. Robbery in the (3rd) degree.
>
> (a) A person commits the crime of Robbery in
> the (3rd) third degree if in the course of
> commiting a theft he:
>
> (1) Uses forcce against the person of the
> owner or any person; present with intent to
> overcome his physical resistance or physical
> power of resistance, or
>
> (2) Threatens the imminent use of force
> against the person of the owner or any
> person present with intent to compel
> acquiescence to taking of or escaping with
> the property.

The facts of this case, the victim alleges that Petitioner was

armed with a weapon; in this case a pistol.

True, a pistol is a deadly weapon and a essential element of the

statute, 13A-8-41, first degree robbery. But, it also has been legally

determined by the Alabama Court of Criminal Appeals in the <u>Dick v.</u>

<u>State,</u> 677 So. 2d. 1267, the <u>Dick</u> court set out the prosition of law

as followes:

> " As a matter of law, weilding a gun
> constitute both the use of force and threat
> of force required for third degree robbery."

The Petitioner in possession of a gun during a robbery is an element of both first and third degree robbery, but third degree robbery is the essential element that must occur first before you can charge an individual with first degree robbery.

Therefore, in order to charge your Petitioner with first degree robbery on one of the remaining subsection of 13A-8-41 (a) (2) or (b) must occur to charge petitioner with robbery in the first degree:

> (2) <u>causes serious physical injury to another.</u>
>
> <u>**(b) Possession then and there of an article**</u> **used or fashioned in a manner to lead any person which is present reasonably to believe it to be a deadly weapon or instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.**

The Petitioner [<u>did not cause serious physical injury to another</u>], therefore the evidence of a crime of first degree robbery did not exist or occur in this case, that warranted a sentence for first degree robbery. As Petitioner's indictment only charges the lesser charge or completed charge of third degree robbery (See Exhibit I).

Petitioner's sentence therefore is in excess of that authorized by law as the range of sentencing for said third degree robbery, a Class C felony is one year and a day to ten years (13A-5-8, <u>Code of Alabama, (1975)</u>.

Petitioner avers that his illegal sentence can be challenged at anytime. <u>J.N.J.JR v. State,</u> 690 So. 2d. 519 (Ala. Cr. App. 1996) and <u>Moore v. State,</u> 733 So. 2d. (1998).

**41**

In the case of __Barnes v. State,__ 708 So. 2d. 217 (Ala. Cr. App. 1997). The Court of Criminal Appeals held that an appellant was entitled to a hearing on petition for Post-Conviction Relief, where he alleges that he was sentenced to (15) fifteen years in prison for second degree Theft of Property, a Class C felony carrying a maximum sentence of (10) ten years, and that he was not sentenced pursuant to the Habitual Felony Offenders Act.

Petitioner's indictment in this case only charges (3rd) third degree robbery as Exhibit I reflects. Therefore he is entitled to an evidentiary hearing to present additional evidence or this court can decide the question of law based upon the attached exhibit and applying the controlling decision of __Dick v. State, Supra,__ that establishes a pistol is an element of the offense of robbery in the (3rd) third degree.

**WHEREFORE THE PREMISES CONSIDERED,** and the above reasons Petitioner prays that the requested relief be granted.

DONE THIS 26 DAY OF __June__ , 2003.

RESPECTFULLY SUBMITTED,

Petitioner, Pro-Se
C/O DRAPER C.C.
P.O. BOX 1107
ELMORE, AL 36025



Exhibit I

# STATE OF ALABAMA
## MONTGOMERY COUNTY

_____ March _____    Term. A.D. 2002

I County charge that, before the finding of this indictment,

CHARLES PATRICK HAGAN,

: unknown to the Grand Jury, did, in the course of

lawful currency and/or coinage of the United States

ize, a batter description of which is unknown to the

against the person of the owner or any person

son and/or Christopher Harvey and/or Mary Magnum,

e is or her physical resistance or physical power of

n the imminent use of force against the person of the

ment, Victoria Garrison and/or Christopher Harvey

th intent to compel acquiescence to the taking of or

way, while the said Charles Patrick Hagan and/or an

th a deadly weapon or dangerous instrument, a gun —

er description of which is unknown to the Grand Jury,

: 13A-8-41 of the Code of Alabama,

_Eleanor L. Brooks_
District Attorney, Fifteenth Judicial Circuit of Alabama



7000 0600 0027 7276 2356

Ms. Melissa Butternut
aul court Clerk
PO Box 1067
Montgomery, Al 36102

44



# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT, MONTGOMERY COUNTY, ALABAMA

CHARLES PATRICK HAGAN,  )
    Petitioner,  )
                        )
                        )    CC Nos. 02-305- J-H .60
                        )    CC Nos. 02-306.60 -J-H
STATE OF ALABAMA,  )
    Respondent.  )

## STATE'S MOTION OF EXTENSION OF TIME

**COMES NOW** the State of Alabama, by and through its District Attorney

for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable

Court for an extension of time of 14 days to file its response to Baldwin's petition

for post conviction relief, filed pursuant to Rule 32 of the Alabama Rules of

Criminal Procedure.

**Respectfully submitted**, this the 23rd day of July, 2003.

Granted
7/31/03
Jy Hanbuck, Judge

RECEIVED
8-4-03
CIRCUIT CLERK

                             ELEANOR I. BROOKS
                             DISTRICT ATTORNEY

                             By: India Powell Smith
                             India Powell Smith
                             Deputy District Attorney



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon counsel for Defendant by hand-delivery or by placing a true copy of the same in counsel's courthouse box, and the probation officer assigned in this cause, this the 23rd day of July, 2003.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____
India Powell Smith
Deputy District Attorney





IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MR. CHARLES HAGAN
    REQUESTER,

VS

STATE OF ALABAMA
    RESPONDENT,



CASE NO. CC-02-305-J-H .60
          CC-02-306.60-J-H

## MOTION FOR SUMMARY JUDGMENT

COME NOW, the Petitioner, Charles Hagan, in the above style, and moves the Honorable Court, pursuant to Rule 56 of the Alabama Rules of Civil Procedure, for a Summary Judgment.

On or about the 30th day of June, 2003, the requester filed with this Honorable Court, a Rule 32 Petition, attacking an illegal sentence. On the 23th day of July, 2003, Honorable India P. Smith, Deputy District Attorney, filed a State's Motion, for Extension of Time; asking, the Court to grant her 14 days, to respond to the said petition.

Whereas, the requested 14 days has elapsed, and the Court has failed to answer the State's Motioin, as well as the Requester's Motion to Strike, filed on the 29th day of July, 2003. This is most definitely a stalling tactic, strategized by the Court and the D. A.; inwhich, undoubtly violates the Requester, Charles Hagan's Constitution Rights.

Futhermore, according to Rule 32.7(a), Alabama Rules of Criminal Procedure, states as following:

(a) **Prosecutor's Response.** Within thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney (or, in the case of a petition filed in the municipal court, the municipal prosecutor) shall file with the court and send to the petitioner or counsel for the petitioner, if any, a response, which may be supported by affidavits and a certified record or such portions thereof as are appropriate or material to the issues raised in the petition.

RECEIVED

10-3-03

CIRCUIT COURT

**47**

Therefore, the Court's unjustly tactics, and the State's failure to respond, clearly states that the allegations alleged in the Requester's Petition is true; therefore, the Court can decide the question of law, or grant the requester an evidentiary hearing, as required by law.

WHEREFORE, THE PREMISES CONSIDERED, and the above reason, requester, prays that the requested relief be granted.

DONE THIS _____ DAY OF _____, 2003.

RESPECTFULLY SUBMITTED,

*Charles Hagan*

CHARLES HAGAN
#224306    2-20
C / O DRAPER C. C.
P. O. BOX 1107
ELMORE, AL 36025

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been served upon the Honorable Melissa Rittenour, Circuit Court Clerk, by placing the same in the U. S. Mail, First Class Pre-Paid Postage. This _____ day of _____, 2003.

RESPECTFULLY SUBMITTED,

*Charles Hagan*

CHARLES HAGAN #224306

CC / FILED / 2003

48



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHARLES HAGAN,
    PETITIONER;

VS                               CC02- 305.60
                                        J-H

STATE OF ALABAMA,
    RESPONDANT;

### MOTION TO STRIKE

COME NOW, the Petitioner, Charles Hagan, in the above style and moves this Honorable Court to Strike the State's Motion For Extension Of Time, for the following reason(s):

1. The State failed to show good cause Why the motion should be granted, pursuant to Rule 15.3(b) Alabama Rules of Criminal Procedures.

WHEREFORE THE PREMISE CONSIDERED, and prays that the above motion be granted in his behalf.

RESPECTFULLY SUBMITTED,

CHARLES HAGAN
#224306  2-20
C / O DRAPER C. C.
P. O. BOX 1107
ELMORE, AL. 36025

Denied Jo Hardwick, Judge

RECEIVED
10-3-03
CIRCUIT COURT CLERK

AUG 2003
Filed

**49**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been
served upon the Horonable Melissa Rittenour, Circuit Court Clerk,
by placing the same in the U. S. Mailbox, First Class Pre-
Paid Postage. Done this _29_ day of _Suly_ , 2003.

RESPECTFULLY SUBMITTED,

CHARLES HAGAN #224306 3-
20

CC/FILED/2003

**50**

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

**STATE OF ALABAMA**

**vs.**                                                CC-2002-305.60-J-H
                                                      2002-306.60-J-H

**CHARLES HAGAN**

## ORDER

    This matter having come before the court on CHARLES HAGAN'S Rule 32 Petition alleging interalia, inaffective assistance of counsel, lack of jurisdiction and that the sentence imposed exceeds the maximum authorized by law. The court having heard and receive testimony and evidence at a hearing, it is therefore, **Ordered, Adjudged and Decreed** that the petition be and it is hereby denied for the following reasons:

(1) That legal representation received by the defendant comported with constitutional requirements.
(2) That the court had competent jurisdiction to hear the criminal case, and
(3) That the sentence imposed upon the defendant was within the statutory range of punishment proscribed by the criminal code.

Done this the 27th Day of October 2003

_Johnny Hardwick_
_____
Johnny Hardwick, Circuit Judge

**RECEIVED**
12-19-03
CIRCUIT COURT CLERK

**51**

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHARLES HAGAN,
    REQUESTER.

      VS                    CASE NO. CC-02-305-J-H

                                     CC-02-306.60-J-

STATE OF ALABAMA,
    RESPONDANT.

### MOTION FOR NOTICE OF APPEAL

COME NOW, THE REQUESTER, CHARLES HAGAN, and moves this Honorable Court, pursuant to Rule 3 Alabama Rules of Appellate Procedure and Rule 32.10 Alabama Rules of Criminal Procedure, for a right to appeal the decision of the requester's Rule 32 Petition.

WHEREFORE, the Requester prays that an appeal is granted by and through this Honorable Court.

                                 RESPECTFULLY SUBMITTED,

                                 CHARLES HAGAN
                                 #224306    2-20
                                 C/O DRAPER C.C.
                                 P.O. BOX 1107
                                 ELMORE, AL. 36025

Filed
Melissa Rittenour
Circuit Clerk

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I, CHARLES HAGAN, have served a copy of the foregoing Motion For Notice of Appeal upon the Honorable Circuit Court Clerk of Montgomery County, Alabama, by placing a copy of the same in the U.S. Mail, First Class Postage Pre-Paid on this _lo_ day of _November_, 2003,

                                 RESPECTFULLY SUBMITTED,

APPENDIX X

| State of Alabama Unified Judicial System Form ARAP-1C    8/91 | RE: ORTER'S TRANSCRIPT ORDER -- CRIMINAL See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF  *MONTGOMERY*  COUNTY

*CHARLES HAGAN*  , Appellant

v.  [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF _____

| Case Number *CC-02-305-J-H ; CC-02-3Nolo-J-H* | Date of Judgment/Sentence/Order |
| Date of Notice of Appeal Oral: | Written: *Nov, 2003* | Indigent Status Granted: [X] Yes  [ ] No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED, OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975)

| Signature | Date | Print or Type Name |

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. [X] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately    *N/A*

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP)

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. | | |
| E. | | |
| F. | | |
| G. | | |

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

| X *Charles P. Hagan* | *November 14th '03* | *Charles P. Hagan* |
| Signature | Date | Print or Type Name |

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

APPENDIX BB

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)   8/91 | **COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT** | Criminal Appeal Number<br><br>_____ - _____ |
|---|---|---|

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF  _MONTGOMERY_  COUNTY

_CHARLES HAGAN_ , Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>_CC-02-305-J-H, CC-02-306-J-H_ | Date of Complaint or Indictment<br>_March 8, 2002_ | Date of Judgment/Sentence/Order<br>_7-26-2002_ |
|---|---|---|
| Number of Days of Trial/Hearing<br>_0_ Days | Date of Notice of Appeal<br>Oral: | Written: _Nov, 2003_ |

Indigent Status Requested:  ☒ Yes  ☐ No          Indigent Status Granted:  ☐ Yes  ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.          If no attorney, will appellant represent self?  ☒ Yes  ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)          Telephone Number

_Charles Hagan # 224340_          _N/A_

| Address<br>_P.O. Box 1107 Draper C.F._ | City<br>_Elmore_ | State<br>_AL._ | Zip Code<br>_36025_ |
|---|---|---|---|

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number

| Codefendant<br>_N/A_ | Case Number<br>_N/A_ |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction    4 ☐ Pretrial Order    7 ☐ Juvenile Transfer Order    10 ☐ Other (Specify)
2 ☒ Post-Conviction Remedy    5 ☐ Contempt Adjudication    8 ☐ Juvenile Delinquency    _____
3 ☐ Probation Revocation    6 ☐ Municipal Conviction    9 ☐ Habeas Corpus Petition    _____

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____    6 ☐ Trafficking in Drugs - § _____    11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____    7 ☒ Theft - § _13A-8-41_    12 ☐ Offense Against Family - § _____
3 ☐ Assault - § _____    8 ☐ Damage or Intrusion    13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful     to Property - § _____    14 ☐ Traffic - Other - § _____
   Imprisonment - § _____    9 ☐ Escape - § _____    15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - § _____    10 ☐ Weapons/Firearms - § _____    _____ - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☒ Yes  ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  _Nov. 6, 2003_ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☒ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☒ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

**54**

| Form ARAP- 26 (back)    **8/91** | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 7 | 29 | 03 | Motion To Strike | N/A | N/A | N/A |
| 8 | 13 | 03 | Motion For Summary Judgment | N/A | N/A | N/A |
| 11 | | 03 | Motion For Notice of Appeal | N/A | N/A | N/A |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

I. WHETHER THE PETITIONER'S SENTENCE IS ILLEGAL DUE TO HIS INDICTMENT CHARGES ONLY THIRD DEGREE ROBBERY.

**K. SIGNATURE:**

NOVEMBER 6th 2005
Date

Charles P. Hogan
Signature of Attorney/ Party Filing this Form

**55**

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS HAGAN CHARLES PATRICK    JUDGE: HON. JOHNNY HARDWICK

APPEAL DATE: 11/06/2003

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:    __X__ YES    ____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    ____ YES    __N/A
INDIGENT STATUS REVOKED ON APPEAL:    ____ YES    __X__ NO
INDIGENT STATUS GRANTED ON APPEAL:    __X__ YES    ____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2002 000305.60

ORDER ENTERED)(DATE): 10272003 PETITION: X DISMISSED __DENIED __GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER | _____ | _____ | _____ |

COURT REPORTER(S):    BROWN, JANET
ADDRESS:    MONTGOMERY CTY
    MONTGOMERY    , AL 36104

APPELLATE COUNSEL #1:    PRO SE
ADDRESS:
    ,    00000
PHONE NUMBER:    000-000-0000

APPELLATE COUNSEL #2:    _____
ADDRESS:    _____
    _____
PHONE NUMBER:    _____

APPELLANT (PRO SE):    HAGAN CHARLES PATRICK
ADDRESS:    DRAPER C.C. #224306 2-3D
    ELMORE    , AL 360250000
AIS #:    _____

APPELLEE (IF CITY APPEAL):    _____
ADDRESS:    _____
    _____

I CERTIFY THAT THE INFORMATION PROVIDED    OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY    PREPARED: 12/29/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 29th DAY OF December, 2003    CIRCUIT COURT CLERK

**56**

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS HAGAN CHARLES PATRICK        JUDGE: HON. JOHNNY HARDWICK

APPEAL DATE: 11/06/2003

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:        __X__ YES        _____ NO
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  _____ YES        __X__ NO      N/A
    INDIGENT STATUS REVOKED ON APPEAL:              _____ YES        __X__ NO
    INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES        _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E.: RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CC/CASE NUMBER: 03/CC 2002 000306.60

ORDER ENTERED(DATE): 10272003 PETITION: X DISMISSED __DENIED __GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER _____ | _____ | _____ | _____ |

COURT REPORTER(S):                    BROWN, JANET
ADDRESS:                              MONTGOMERY CTY
                                     MONTGOMERY        , AL  36104

APPELLATE COUNSEL #1:                 PRO SE
ADDRESS:
                                                  ,      00000
PHONE NUMBER:                         000-000-0000

APPELLATE COUNSEL #2:                 _____
ADDRESS:                             _____
                                     _____
PHONE NUMBER:                        _____

APPELLANT (PRO SE):                  HAGAN CHARLES PATRICK
ADDRESS:                             DRAPER C.C. #224306 2-2D
                                     ELMORE        , AL  360250000
AIS #:                               36104

APPELLEE (IF CITY APPEAL):           _____
ADDRESS:                             _____
                                     _____

I CERTIFY THAT THE INFORMATION PROVIDED                        OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY                  PREPARED: 12/29/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 29th DAY OF December, 2003      CIRCUIT COURT CLERK

**57**

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-14      Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br>CC-02-305.60<br>306.60 |
| --- | --- | --- |

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 11-6-03 |
| --- | --- |

**APPELLANT** Charles P. Hagan

**v. STATE OF ALABAMA**

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___15th___ day of ___Jan, 04___.

Melissa Rithorn
**Circuit Clerk**

1   IN THE FIFTEENTH JUDICIAL CIRCUIT
    IN AND FOR MONTGOMERY COUNTY
2        MONTGOMERY, ALABAMA

3
                              **COPY**
4   STATE OF ALABAMA,          )
                               )
5        Plaintiff,            )
                               )
6        vs.                   )    CASE NO. CC-02-305
                               )              CC-02-306
7   CHARLES HAGAN,             )
                               )
8        Defendant.            )
    _____ )

9

10              RULE 32 HEARING
    BEFORE THE HONORABLE JOHNNY HARDWICK
11           CIRCUIT COURT JUDGE
             October 27, 2003
12

13  APPEARANCES:

14  For the State:

15      **MS. INDIA POWELL**

16      Deputy District Attorney

17      Montgomery, Alabama

18
        **MR. DARRYL BAILEY**
19
        Chief Deputy District Attorney
20
        Montgomery, Alabama
21

22          also present:

23      **MR. AMARDO WESLEY PITTERS**

24      Attorney at Law

25      Montgomery, Alabama

**P R O C E E D I N G S:**

1
2  THE COURT:  See what the sheriff's department

3  is doing with Mr. Hagan.

4  All right, Mr. Hagan, go over there and take

5  a seat at the counsel table and let's presume

6  this.  All right.  Now, we're going to pick up

7  from where we left off on Friday.

8  Mr. Pitters --

9  MR. PITTERS:  Yes, sir.

10  THE COURT:  -- come on up.  I believe Mr.

11  Hagan -- do you have any more questions of Mr.

12  Pitters?

13  THE DEFENDANT:  No.

14  THE COURT:  Where is Mr. Bailey?

15  MS. POWELL:  He just stepped out in the hall,

16  Judge.  We told him to come in.

17  THE COURT:  Tell him to come on, now.  If he

18  wants to --

19  MS. POWELL:  Yes, sir.

20  THE DEFENDANT:  My family, they didn't --

21  they didn't come, Your Honor.

22  THE COURT:  Well, there's nothing I can do

23  about that.

24  THE DEFENDANT:  I know it.

25  THE COURT:  All right.  Well, I want to hear

1    it, you know.    I mean, you're talking about some

2    stuff I don't know nothing about.

3        THE DEFENDANT:  I can't proceed -- I was told

4    I couldn't -- I was told through another party

5    counsel that I couldn't bring forth today because

6    it was against his constitutional rights in order

7    for me to present it in court today.

8        THE COURT:  Who?

9        THE DEFENDANT:  I suppose Mr. Pitters.  I

10   don't know.

11       THE COURT:  Where is Mr. Bailey, now?

12       MS. POWELL:  Judge, Carey (phonetic) just

13   went to get him.  He got called down to Judge

14   McCooey's.

15       THE COURT:  Well, anything you want to

16   present according to what he said already?

17       MS. POWELL:  No, sir.

18       THE COURT:  Huh?  You have any questions of

19   Mr. Pitters?

20       MS. POWELL:  No, sir.

21       THE COURT:  Huh?

22       (No response.)

23       THE COURT:  All right.  Anything else you

24   want to present, Mr. Hagan?

25       THE DEFENDANT:  No, sir.

1    THE COURT:  Do you want to hear from Mr.

2    Bailey?

3    THE DEFENDANT:  No.

4    THE COURT:  Well, I do because you're talking

5    about stuff I don't know anything about, all

6    right.

7    MS. POWELL:  And, Judge, he'll be up here in

8    just a second.  I apologize for that.

9    (Brief pause in proceedings).

10    THE COURT:  All right.  Mr. Bailey.

11    MR. BAILEY:  Yes, sir.

12    THE COURT:  I'm not -- I don't put lawyers

13    under oath.

14    MR. BAILEY:  I understand.

15    THE COURT:  You're already an officer of the

16    Court, so...

17    MR. BAILEY:  Yes, sir.

18    THE COURT:  All right.  State your name for

19    the Record, please, sir.

20    MR. BAILEY:  Darryl Bailey.

21    THE COURT:  How are you employed, sir?

22    MR. BAILEY:  With the Montgomery County

23    District Attorney's Office, chief deputy district

24    attorney.

25    THE COURT:  All right.  Mr. Hagan, I believe,

1    is alleging ineffective assistance of counsel in

2    that he was induced or that he did not voluntarily

3    enter a plea of guilty in this case because you

4    and his lawyer told him that he was going to get a

5    split sentence; is that right?

6         THE DEFENDANT:  I never said him and my

7    lawyer.  I never talked to either one of y'all,

8    Your Honor.

9         THE COURT:  Okay.  Just Mr. Pitters?

10        THE DEFENDANT:  Yeah.

11        THE COURT:  All right.  Well, let's just

12   clear it up.  Did you have, Mr. Bailey, a

13   conversation with Mr. Pitters about any promises

14   or anything, any inducements to Mr. Hagan?

15        MR. BAILEY:  No, sir.  The only conversations

16   that I had with Mr. Pitters -- and he is correct.

17   I did not have any conversations with him, just so

18   the Record's clear.  But the only conversations

19   that I had with Mr. Pitters regarding this case, I

20   advised Mr. Pitters that if the defendant plead

21   that I would not have any recommendations toward

22   sentencing.  In other words, I would not make any

23   recommendations.  That was the only thing that I

24   advised Mr. Pitters.

25        THE COURT:  All right.

1    MR. BAILEY: And I did also advise him that

2    the victims would be -- in accordance with the law

3    would be able to speak and would be able to ask

4    for whatever they wanted to ask for, but me, on

5    behalf of the State of Alabama, I wouldn't make

6    any recommendations.

7        THE COURT: Okay. Now, it did come a time

8    when Mr. Hagan entered a plea in this case. And

9    were you present at that time?

10       MR. BAILEY: Yes, sir. It was on June the

11   18th of 2002.

12       THE COURT: All right. Do you recall the

13   Court asking Mr. Hagan whether or not there were

14   any promises made to him?

15       MR. BAILEY: Yes, I do.

16       THE COURT: And do you recall his response?

17       MR. BAILEY: His response was no.

18       THE COURT: All right.

19       MR. BAILEY: As a matter of fact, I belive

20   the Court even went further than that and the

21   Court -- as the Court always does, asked him if

22   anybody has promised him anything, told -- advised

23   him that this Court was going to be light and

24   things of that nature.

25       THE DEFENDANT: He repeated that same thing

1    you just said that he -- and we --

2        THE COURT:  All right.  Hold on, now.  Wait a

3    minute, now.  You're out of order, now.  Just hold

4    on.

5        Anything else, Mr. Bailey?

6        MR. BAILEY:  No, sir.

7        THE COURT:  Okay.  Any questions you want to

8    ask Mr. Bailey?

9        THE DEFENDANT:  No, sir.

10        THE COURT:  Okay.  All right.  Anything else

11    you want to present to the Court?

12        THE DEFENDANT:  Not at this time, Your Honor.

13        THE COURT:  Well, now, this is going to be

14    it, now.

15        THE DEFENDANT:  I know it.  I know it.

16        MR. PITTERS:  Your Honor, may it please the

17    Court.

18        THE COURT:  Yes, sir.

19        MR. PITTERS:  Mr. -- during the course of my

20    talking to Mr. Bailey, the -- I did make

21    representations to Mr. -- see, he has not -- he's

22    not asked me what I told him yet and that's only

23    -- because I know the seriousness of this hearing

24    and I'm volunteering to the Court to let the Court

25    know what I told him because one thing he didn't

Janet F. Brown
Official Court Reporter
(334) 832-1380

1    ask me today nor the last time we were here is

2    well, what did you tell me.  And for the Record,

3    I'm going to tell you what I told the young man.

4        Mr. Bailey and I did have discussions about

5    my interest on behalf of my representation of Mr.

6    Hagan that Mr. Hagan receive a sentence different

7    from what he received.  And the discussion

8    centered around Mr. Hagan, my trying to get Mr.

9    Hagan a split sentence from the Court based on the

10   20 years minimum that he was facing.

11       THE COURT:  Uh-huh.

12       MR. PITTERS:  And I did tell Mr. Hagan that I

13   would ask the Court for a split sentence of

14   anywhere from three to seven years -- he is

15   serving that time -- and asking the Court to

16   sentence him for a minimum of three or not more

17   than seven years against a minimum of 20 based on

18   a split.  But I also told Mr. Hagan that Mr.

19   Bailey has told me that he would not agree to

20   that, and -- but if I want to ask for that, I can

21   ask for that and he will not oppose it and he will

22   not recommend to the Court nor object.  He would

23   not recommend to the Court that the Court agree

24   with me on that nor will he object to my asking

25   for that from the Court.

1      THE COURT:  To make a long story short, you

2  had no agreement with the State of Alabama with

3  respect to a split sentence for Mr. Hagan?

4      MR. PITTERS:  That's correct.

5      THE COURT:  All right.  Any questions?

6  Anything else?

7      THE DEFENDANT:  You said that all on the last

8  day.  You're telling me nine months you was my

9  counsel and I misunderstood everything.  Man, I

10  got you on tape, man.  You lying, man.  You

11  sitting up here lying, man.  I got you on tape,

12  man; everything you ever promised my mom, all that

13  there, that last conversation y'all had, it's all

14  on tape, man.  How you and the judge had an

15  agreement with the district attorney, I mean, all

16  this here, man.  It's on tape, man.  I just can't

17  present it today, that's all

18      THE COURT:  All right.  Anything else?

19      MR. BAILEY:  Nothing.

20      THE COURT:  All right.  Well, then this will

21  conclude the hearing, then.  Thank you, sir.  The

22  Court will enter an order in this case.

23      (End of proceedings.)

24

25

State of Alabama
Unified Judicial System

Form ARAP 13

# CERTIFICATE OF COMPLETION
# REPORTER'S TRANSCRIPT

Page Number

*10*

**TO:** The Clerk of the Court of Criminal Appeals          Fax: (334) 242-4689
P. O. Box 301555
Montgomery, Alabama 36130-1555

**Criminal Appeals Case Number**    CR *02* - *0414*

*Charles Patrick Hagan*  v. *State of Alabama*
**Appellant's Name**                        **Appellee**

On appeal from the:  [X] Circuit Court of
                     [ ] District Court of    *Montgomery* County
                     [ ] Juvenile Court of

**Trial Court Case Number** *CC - 02 - 305 + CC - 02 - 306*

**Notice of Appeal Date** *11/06/03*

I, *Janet F. Brown* , certify that I have this date completed and filed with the clerk of the trial court an original and three copies of a true and correct transcript of all proceedings in the above referenced case that were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order.   The transcript, which is numbered serially in the upper right-hand corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits and the testimony of the witnesses.  The original transcript concludes with the original of this notice and the copies of the transcript conclude with copies of this notice.  The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

Done this the *14th* day of *January* , *2004* .

_____ *Janet F. Brown*
Court Reporter

**FILING AND SERVICE OF THIS FORM:**    Pursuant to Rule 11(b), A.R.App.P., the court reporter should file a copy of his certificate with the Clerk of the Court of Criminal Appeals and should serve copies of the certificate on counsel for the appellant or the appellant if he or she is not represented by appellate counsel, the attorney general and the district attorney, unless the appeal is from a municipal appeal, in which event a copy of the form should be served on the municipal prosecutor rather than the attorney general and district attorney.

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*48226*
*Keik*

| | |
|---|---|
| *H. W. "Bucky" McMILLAN* | *Lane W. Mann* |
| Presiding Judge | Clerk |
| *SUE BELL COBB* | *Wanda K. Ivey* |
| *PAMELA W. BASCHAB* | Assistant Clerk |
| *GREG SHAW* | (334) 242-4590 |
| *A. KELLI WISE* | FAX (334) 242-4689 |
| Judges | |

## CERTIFICATE OF JUDGMENT

CR-02-0414

Charles Patrick Hagan v. State of Alabama (Appeal from Montgomery Circuit Court: CC02-305).

To the Clerk of the above noted Trial Court, Greetings:

Whereas, the above referenced appeal has been duly examined and considered by the Court of Criminal Appeals; and

Whereas, the Court, having considered the same, has now ordered that said appeal be dismissed as untimely filed;

Now, therefore, it is hereby certified that a judgment of dismissal was entered in said appeal on this the 30th day of December, 2002.

Done this the 30th day of December, 2002.

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable Johnny Hardwick, Circuit Judge
    Honorable Melissa Rittenour, Circuit Clerk
    Janet Brown, Court Reporter
    Honorable Aimee C. Smith, Attorney, Appellant
    Office of Attorney General



ATTORNEY GENERAL'S COPY

FILED

FEB 1 8 2004

CLERK
ALA COURT CRIMINAL APPEALS

CRIMINAL APPEALS NUMBER CR-03-0471

IN THE ALABAMA COURT OF CRIMINAL APPEALS

=================================================

CHARLES HAGAN

APPELLANT

VS

STATE OF ALABAMA

APPELLEE

=================================================

ON APPEAL FROM THE CIRCUIT COURT

MONTGOMERY COUNTY, ALABAMA

CIRCUIT COURT CASE NUMBER: CC-02-305.60

CC-02-306.60

BRIEF AND ARGUMENT FOR APPELLANT

CHARLES PATRICK HAGAN
#224306  2-165
P.O. BOX 1107
ELMORE, AL. 36025
DRAPER C.C.



## TALBLE OF CONTENTS

TABLE OF AUTHORITIES ..................................... ii

STATEMENT OF THE CASE .................................... 1

STATEMENT OF ISSUES ..................................... 3

STATEMENT OF FACTS ...................................... 4

STATEMENT OF STANDARD OF REVIEW ......................... 5

SUMMARY OF THE ARGUMENT ................................. 6

ARGUMENT ................................................ 7

CONCLUSION .............................................. 11

CERTIFICATE OF SERVICE .................................. 12

## TABLE OF AUTHORITIES

CASES

Barnes v. State, 708 So. 2d 217 (Ala. Cr. App. 1997).......    10

Barnett v. State, 783 So. 2d 930 (Ala. Crim. App. 2000) ...    8

Dick v. State, 677 So. 2d 1267 ..................... 8, 9, 10, 11

J.N.J.Jr. v. State, 690 So. 2d 519 (Ala. Crim. App. 1996) .    10

Joyce v. State, .........................................    9

Morris v. State, 733 So. 2d 912 (1998) ................... 10

Shiflett v. State, 37 Ala. App. 300, 67 So. 2d 284 (1953) .    9

Tinsley v. State, 485 So. 2d 124 (Ala. Crim. App. 1986) ...    9

Wilson v. State, 695 So. 2d 195 (Ala. Crim. App. 1996) ....    7

### STATUTES, RULES, & OTHER AUTHORITIES

13A-8-43, Code of Alabama, 1975 ......................... 7, 8

13A-8-41, Code of Alabama, ................................    7

## STATEMENT OF THE CASE

APPELLANT, CHARLES HAGAN, was charged with two (2) count of First Degree Robbery, in Montgomery County, Alabama.

On the 18th day of June, 2002, the appellant entered a guity plea without totally understanding the nature and sentencing range of the said charge.

Appellant's Attorney lead the Appellant to believe that he was receiving a 20 split 7 years sentence, for his plea of guilty. Therefore, the Appellant signed the plea agreement unknowingly and unvoluntarily.

On 8/26/2002, the Appellant Trial Attorney Amardo Wesley Pitters 1145 South Perry Street, Montgomery, AL. 36104, filed a Motion for New Trial or in the Alternative to amend, vacate alter, or set aside sentence pronounced.

On 10-31-220, Trial Counsel Pitter filed a Motion to withdraw as counsel of record and for appointment of appellate counsel.

On 11-7-2002, the Honorable Court of Montgomery County, Alabama, issued an order appointing Richard Keith on appeal as (appellate counsel). Whereas, on the same day of appointment appellant counsel filed a Motion to withdraw; due to, conflict of interest.

On 12-12-2002, Aimee C. Smith, was appointed to represent the Appellant on appeal, but through the investigation of Aimee C. Smith, she discovered that previous appointed appellate counsels, who was allowed to withdraw due to a conflict had failed to file a timely notice of appeal and petitioner's appeal was dismissed

-1-

on December 30, 2002.

Appellant; therefore, filed for Post – Conviction Relief pursuant to Rule 32 of the Alabama Criminal Procedure; seeking relief from his' illegal conviction.

In October 2003, Appellant was granted an evidentiary hearing, without having prior knowlegde that his' Rule 32 was granted, causing him to be unprepared; leading to the Courts denying him relief.

Whereas, this appeal to this Court followed.

## STATEMENT OF ISSUES

### I

WHETHER THE APPELLANT'S SENTENCE IS ILLEGAL DUE TO HIS' INDICTMENT ONLY CHARGES THIRD DEGREE ROBBERY.

## STATEMENT OF FACTS

This case involves the charge of Robbery in the First Degree. The APPELLANT, CHARLES HAGAN, was enticed by his lawyer to enter a plea of guilty; for a twenty split five years setence. Whereas, when Mr. Hagan, did not receive the sentence promised to him, by his' lawyer, he made a oral notice to appeal.

During the process, his' appointed attorney was supposed to file a written notice; but, failed to carry out that duty, as he shall have done. This caused the appellant to be late on his timely filed appeal; therefore, a petition for Post- Conviction, was filed and granted.

At the evidentiary hearing, the Courts denied appellant entry on a tape, which has a conversation of his' attorney and his' mother. And, if the tape would have been entered; then, it would have proved that his' attorney did promise him a twenty split five year sentence, due to the indictment being void.

-4-

## STATEMENT OF STANDARD OF REVIEW

### I

APPELLANT, argues that where his indictment charges a lesser included charge, due to all the element of the higher charge could not be proven by the State; therefore, his' sentence is illegal, and is also, void.

## SUMMARY OF THE ARGUMENT

APPELLANT, aver that where all the element of an indictment must be proven by the State, and that failure to present evidence to support the said charge makes the indictment nolle and void. Therefore, if the indictment is void, than the sentence is illegal.

Whereas, Robbery in the First Degree states that a person must first violate 13A-8-43, Code of Alabama, 1975, while armed with a deadly weapon; or cause serious physical injury, to a person other than the person committing the offense.

Therefore, when a element of a said charge is not proven, or the COurts have ruled upon a case once before, pertaining to the same issue at hand, than the facts and evidence have been proven by the appellant, when he shows that his sentence is illegal.

I.

## WHETHER THE APPELLANT'S SENTENCE IS ILLEGAL DUE TO HIS INDICTMENT CHARGES ONLY THIRD DEGREE ROBBERY.

THE APPELLANT, CHARLES HAGAN, filed a Rule 32 Petition with the Montgomery County Courts, requesting relief to his excessive sentence of twenty - five (25) years. On the grounds that his indictment only charges third degree Robbery because the underlining charge used to echance Appellant's indictment to first degree Robbery is also an essential element of third degree Robbery. Which is the first requirement of first degree Robbery, 13A-8-41, Code of Alabama, 1975.

> "A person commits the crime of Robbery in the first degree, if he violated Section 13A-8-43 Code of Alabama, 1975; which is third degree Robbery."

THE STATE OF ALABAMA, asked the Courts to dismiss the Appellant's Petition, on the grounds that the Appellant's claim is without merit. That he was indicted for Robbery First, and that he basis his claim on the fallacy that serious physical injury is in all circumstances an element of Robbery. (See Wilson v. State, 695 So. 2d 195 Ala. Crim. App. 1996).

THE STATE OF ALABAMA response is a misrepresentation of Appellant's claim. As a matter of law the New Application of the law in Alabama Applying the Merger Doctrine.

THE ALABAMA COURT OF CRIMINAL APPEALS recognized and established as a matter of law in it's decision of Dick v. State, 677 So. 2d 1267 (Ala. Crim. App. 1996). That the essential element used to enhance third degree Robbery to first degree

Robbery;

> "As a matter of law wielding a gun constitutes
> both use of force and threat of force required
> for third degree Robbery." 1d. Dick Supra.

The STATE OF ALABAMA ignores the Merger Doctrine Bars the use
of an underlining felony directly results in or is an integral
part of the crime statute at issue or charged. (See Barnett v.
State, 783 So. 2d 930 (Ala. Crim. App. 2000).

Charles Hagan, first degree Robbery indictment is premised on
the underlining felony of third (3rd) degree (See 13A-8-43, Code
of Alabama, 1975). Which is a matter of law according to Alabama
Court of Criminal Appeals, in Dick Supra, includes the
"possession of a gun."

Eventhough, Dick decision was a matter of first impression,
but it clearly mandates that when a third degree Robbery occurs
with a gun and no physical injury occurs. The statute merge using
the same element of the instrument used to commit Robbery, which
the gun cannot serve as an underlining felony, for the purpose of
enhancing Petition's Act to first degree Robbery.

The Barnett Court; eventhough, addressing the issue of felony
murder points out the error in the Petitioner's indictment
improperly echanced to 1st degree Robbery using the underlining
felony of 3rd degree when the circumstances of the alleged charge
involves the use of a gun cannot serve as the underlining felony
for enhancement;

> "The Court of Criminal Appeals, held as a matter
> of first impression, that a felony assault that
> results in a victim's death merges with the
> homicide, and thus, the assault cannot serve as

-8-

an underlining felony, for purpose of the felony
-murder rule.

The same theory and proposition of law is repeatly recognized
and adhered to by Alabama Court's: <u>Tinsley v. State</u>, 485 So. 2d
124 (Ala. Crim. App. 1986), (failure of indictment to allege the
defendant escaped while serving a felony conviction which is an
element of the escape charge renders the indictment VOID; <u>Joyce
v. State</u>, ___ So. 2d ___ (Ala. Crim. App. ___), (Sentence can't
be enhaned using NOLO CONTENDERE prior conviction; <u>Shiflett v.
State</u>, 37 Ala. App. 300, 67 So. 2d 284 (1953), (When an
indictment is for a new offense, or when the grade of an offense
has been raised from a misdemeanor to a felony, and 6 years a
period both when the Act was and was not an offense, or where it
was of a lesser grade, the indictment is defective if it fails to
aver the time of the omission of the alleged offense).

As a matter of law the petitioner's possession of a gun was an
element of third degree Robbery, Id. <u>Dick Supra.</u> Which rendered
the STATE OF ALABAMA with the ability to only charge him with
third degree Robbery, based upon the facts of this case; unless,
the STATE OF ALABAMA can or could establish other facts that
triggered the remained possession of 1st degree Robbery as a
underlining offense to justify the enhancement of his charge /
indictment to 1st degree Robbery.

Charles Hagan, is entitled to resentencing as third degree
Robbery is a lesser charge of 1st degree Robbery. Therefore, re-
indictment isn't warranted just properly allowing the defendant /
Charles Hagan, to plea to third degree Robbery and sentencing.

## II

The STATE OF ALABAMA remaining grounds for dismissal are all affirmative defenses of procedural bar, preclusion, and without merit. Sentencing defect's and void indictment error's can be raised at anytime. (See J.N.J.Jr. v. State, 690 So. 2d 519 (Ala. Crim. App. 1996); and Morris v. State, 733 So. 2d 912 (1998); also Barnes v. State, 708 So. 2d 217 (Ala. Crim. App. 1997), (Petitioner is entitled to a hearing to claim of improper enhanced sentence).

WHEREFORE, FOR THE ABOVE SAID REASONS, CHARLES HAGAN, prays that as a matter of law, this Court properly apply the law as the facts are supported that 1st degree Robbery an only occur with the commission of third degree Robbery. And, CHarles Hagan, case only present facts of third degree Robbery as it couldn't be enhanced to 1st degree with the element of use of a gun an Petitioner's. Use of a gun is a clear element of third degree Robbery. (See Dick Supra). Petitioner, request that all requested relief be granted unto him.

-10-

## CONCLUSION

APPELLANT, concludes that where an illegal sentence is proven, causing the Court to be out of jurisdiction to render, or impose the sentence at hand, than the U.S. Constitution and the Alabama Constitution, requires a new trial, a new sentence, or other relief.

RESPECTFULLY SUBMITTED,

_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE this _____ day of February, 2004, served a copy of the foregoing Brief and Argument upon the Criminal Court of Appeals' Clerk; along, with a copy of Attorney General's copy, by placing the same in the U.S. Mail, First Class and Pre-Paid Postage,

RESPECTFULLY SUBMITTED,

_____

-12-

No. CR-03-0471

MAR - 5 2004

CLERK
ALA COURT CRIMINAL APPEALS

## In the COURT of CRIMINAL APPEALS
### of ALABAMA

———————◆———————

CHARLES P. HAGAN,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

———————◆———————

*On Appeal from the Circuit Court of Montgomery County*
*(CC-03-305.60; CC-03-306.60)*

———————————————————

**BRIEF OF APPELLEE**

Richard F. Allen
*Acting Attorney General*

Stephanie N. Morman
*Assistant Attorney General*

Corey L. Maze*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

March 5, 2004



No. CR-03-0471

## In the COURT of CRIMINAL APPEALS
of ALABAMA

♦

CHARLES P. HAGAN,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

♦

*On Appeal from the Circuit Court of Montgomery County*
*(CC-03-305.60; CC-03-306.60)*

**BRIEF OF APPELLEE**

Richard F. Allen
*Acting Attorney General*

Stephanie N. Morman
*Assistant Attorney General*

Corey L. Maze*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

March 5, 2004

## STATEMENT REGARDING ORAL ARGUMENT

The facts and legal arguments are adequately presented in the briefs and record.  The State, therefore, does not request oral argument.  Rule 34(a)(3), Ala. R. App. P.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT............................ i

TABLE OF CONTENTS.......................................... ii

TABLE OF AUTHORITIES...................................... iii

STATEMENT OF THE CASE AND FACTS............................ 1

STATEMENT OF THE ISSUE.................................... 4

STANDARDS OF REVIEW...................................... 4

SUMMARY OF THE ARGUMENT.................................. 5

ARGUMENT................................................. 6

Judge Hardwick Correctly Denied Hagan's Post-Conviction
Claim That Section 13A-8-41(a)(1) Is Unconstitutional
Because The Claim Was Precluded And Without Merit........ 6

CONCLUSION............................................... 9

CERTIFICATE OF SERVICE................................... 10

# TABLE OF AUTHORITIES

## Cases

Dick v. State, 677 So. 2d 1267, 1269 (Ala. Crim.
  App. 1996) ............................................. 6

Ingram v. State, CR-01-2224, 2002 WL 578621, at *1-3
  (Ala. Crim. App. Feb. 28, 2003) ....................... 8

McLin v. State, 840 So. 2d 937, 943 (Ala. Crim. App. 2002) 6

Smith v. State, 857 So. 2d 838, 840 (Ala. Crim. App. 2002) 7

## Other Authorities

Ala. Code (1994)

  § 13A-8-43 .......................................... 8

  § 13A-8-41(a)(1) ................................. 6, 7, 8

## Rules

Ala. R. Crim. P.

  Rule 32.2(a)(3) ...................................... 7

  Rule 32.2(a)(5) ...................................... 7

### STATEMENT OF THE CASE AND FACTS

Charles Hagan appeals the October 27, 2003 dismissal of his Rule 32 petition.  On June 18, 2002, Hagan pleaded guilty in the Montgomery County Circuit Court to two counts of first-degree robbery, violations of Section 13A-8-41(a)(1) of the Code of Alabama (1994).  (C. 18, 28)   The Honorable Johnny Hardwick sentenced Hagan to serve twenty-five years in the state penitentiary (presumably under two concurrent terms).  (C. 18, 28)   Hagan did not appeal his guilty-plea convictions to this Court.  (C. 6)

On March 10, 2003, Hagan filed a Rule 32 petition with the circuit court challenging his guilty plea convictions. (C. 5-11)   Hagan raised three issues in his petition:   1) his guilty plea was involuntary because he was promised a split sentence; 2) he received ineffective assistance of both trial and appellate counsel; and 3) his failure to appeal was not his fault.  (C. 16)

While his first petition was still pending, Hagan filed a second Rule 32 petition on June 26, 2003.  (C. 28-34)   In his second petition, Hagan claimed that his first-degree robbery conviction was "illegal" under the theory that committing a theft while wielding a deadly weapon can only

sustain a third-degree robbery conviction -- thereby
rendering first-degree robbery under Section 13A-8-41(a)(1)
unconstitutional because it contains the same essential
elements as third degree robbery under Section 13A-8-43.
(C. 39)  It appears from the record that Judge Hardwick
treated this second petition as an amendment to Hagan's
first petition because he ruled on both petitions in the
same order.[1]

While Hagan claims that the State responded to his
petition by stating that his claims were without merit and
should be dismissed, the record does not contain an answer
by the State.  (Hagan's brief at 7)  On October 27, 2003,
Judge Hardwick held an evidentiary hearing to consider
Hagan's petition -- specifically Hagan's claim that he was
promised, and did not receive, a split sentence.  (R. 1-9)
Hagan's trial counsel and the prosecutor from Hagan's case
both testified that no split-sentence agreement had been
reached and that Hagan had not been informed that any such
agreement had been offered by the State.  (C. 5-8)

---

[1]See, e.g., Ala. R. Crim. App. 32.7(b); Lee v. State,
606 So. 2d 218, 219 (Ala. Crim. App. 1992) (treating
additional post-conviction claims as an amendment to the
appellant's original Rule 32 petition because each claim
was considered and ruled upon in the same proceeding).

2

Judge Hardwick denied Hagan's petition on October 27, 2003. (C. 2, 50) In his order, Judge Hardwick ruled that 1) the representation given by Hagan's attorneys "comported with constitutional requirements;" 2) the circuit court "had competent jurisdiction to hear the criminal case;" and 3) Hagan's sentence was within the proper statutory range defined by the Code of Alabama. (C. 50) Hagan filed a timely written notice of appeal on November 6, 2003. (C. 51) This appeal follows.

## STATEMENT OF THE ISSUE

Is Hagan's claim that Section 13A-8-41(a)(1) of the Code of Alabama (1994) unconstitutionally violates the "merger doctrine" precluded and without merit when Hagan failed to raise this claim at trial or on appeal and Section 13A-8-41(a)(1) contains an essential element not required under Section 13A-8-43?

## STANDARDS OF REVIEW

If the circuit court's denial of a Rule 32 petition is correct for any reason, even if not stated, this Court will not reverse the lower court's decision. Grady v. State, 831 So. 2d 646, 647 (Ala. Crim. App. 2001).

Any non-jurisdictional claim that could have been, but was not, raised at trial or on appeal is precluded from review in a Rule 32 petition. See Ala. R. Crim. P. 32.2(a)(3); Ala. R. Crim. P. 32.2(a)(5).

When the facts are undisputed, and an appellate court is presented only with a question of law, the court reviews Rule 32 proceedings under de novo review. Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001).

4

## SUMMARY OF THE ARGUMENT

Hagan's claim that Section 13A-8-41(a)(1) of the Code
of Alabama (1994) unconstitutionally violates the "merger
doctrine" is precluded and without merit.  "Even
constitutional issues must be properly preserved for
appellate review."  Smith v. State, 857 So. 2d 838, 840
(Ala. Crim. App. 2002).  Hagan's post-conviction
constitutional claim was precluded because he failed to
raise it at trial and failed to appeal his conviction to
this Court.  See Ala. R. Crim. P. 32.2(a)(3); Ala. R. Crim.
P. 32.2(a)(5).

Additionally, Hagan's claim that first-degree and
third-degree robbery contain the same essential elements is
without merit.  While some of the elements of third-degree
robbery can be met by proving that the defendant possessed
a deadly weapon, the possession of a deadly weapon is not
**required** to sustain a conviction for third-degree robbery.
See Ala. Code § 13A-8-43 (1994).  Because first-degree
robbery contains an essential element not required for
third-degree robbery (i.e. use of a deadly weapon or
dangerous instrument), Hagan's argument that the two crimes
unconstitutionally "merge" is without merit.

5

**ARGUMENT**

**Judge Hardwick Correctly Denied Hagan's Post-Conviction Claim That Section 13A-8-41(a)(1) Is Unconstitutional Because The Claim Was Precluded And Without Merit.**

In his brief, Hagan raises only one claim -- that Section 13A-8-41(a)(1) of the Code of Alabama (1994) unconstitutionally violates the "merger doctrine" because it allegedly contains the same required elements as third-degree robbery under Section 13A-8-43. (Hagan's brief at 7-10) As a result, each of Hagan's claims from his original March 10, 2003 petition has been abandoned, and his appeal is limited to the only claim addressed in his brief. See McLin v. State, 840 So. 2d 937, 943 (Ala. Crim. App. 2002).

Hagan cites the following sentence from Dick v. State, 677 So. 2d 1267, 1269 (Ala. Crim. App. 1996), for the proposition that the possession of a gun is an essential element of third-degree robbery: "Wielding a gun, however, constitutes both the use of force and the threat of force [as required for a finding of third-degree robbery] as a matter of law." Based on his theory that possession of a gun is an essential element of third-degree robbery, Hagan claims that first-degree robbery under Section 13A-8-

6

41(a)(1) is unconstitutional under the "merger doctrine" because it contains the same required elements as third-degree robbery under Section 13A-8-43:  1) the commission of third-degree robbery and 2) the use of a deadly weapon or dangerous instrument.  (Hagan's brief at 7-9)

Judge Hardwick's denial of this claim was correct because Hagan's constitutional attack on Section 13A-8-41(a)(1) was precluded.  See Smith v. State, 857 So. 2d 838, 840 (Ala. Crim. App. 2002) ("even constitutional issues must be properly preserved for appellate review").  Hagan admittedly failed to raise this claim before he pleaded guilty and also failed to appeal his guilty plea conviction to this Court.  (C. 5-6)  As a result, Hagan's constitutional challenge in his Rule 32 petition was precluded because he could have, but did not, raise this claim at trial or on appeal.  See Ala. R. Crim. P. 32.2(a)(3); Ala. R. Crim. P. 32.2(a)(5).

Judge Hardwick also correctly ruled that Hagan's claim was without merit.  Hagan misinterprets the holding in Dick.  Dick merely stands for the proposition that "wielding a gun" is sufficient to prove that a defendant either used or threatened to use force while committing a

7

theft -- an essential element of third-degree robbery. <u>See</u> Ala. Code § 13A-8-43 (1994); <u>Dick</u>, 677 So. 2d at 1269. <u>Dick</u> did not further establish that "wielding a gun" was **required** to sustain a conviction for third-degree robbery. Possession of a deadly weapon is a distinguishing factor between first and third-degree robbery, and post-<u>Dick</u> rulings from this Court have affirmed third-degree robbery convictions where the defendant did **not** use a gun during the robbery. <u>See, e.g.</u>, <u>Ingram v. State</u>, CR-01-2224, 2002 WL 578621, at *1-3 (Ala. Crim. App. Feb. 28, 2003) (affirming third-degree robbery conviction against a sufficiency challenge when the defendant struggled with in-store security personnel during a theft, but did not use or exhibit any weapon during the struggle).

Because third-degree robbery does not require the use of a deadly weapon or dangerous instrument, Sections 13A-8-41(a)(1) and 13A-8-43 do not "merge" into the same crime, as Hagan claims in his brief. (Hagan's brief at 8) Accordingly, his argument that he could only be convicted of third-degree robbery because it contains the same essential elements as first-degree robbery is without merit. As a result, Judge Hardwick correctly denied

Hagan's petition for post-conviction relief because it did not present a claim that entitled Hagan to relief -- in addition to being precluded from review.

## CONCLUSION

Hagan is not entitled to any relief, and this Court should affirm the dismissal of his Rule 32 petition.

Respectfully submitted,

Richard F. Allen
*Acting Attorney General*

Stephanie N. Morman
*Assistant Attorney General*

Corey J. Maze
*Assistant Attorney General*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>5th</u> day of March, 2004, I did serve a copy of the foregoing on the Appellant by placing the same in the United States mail, postage prepaid and properly addressed as follows:

Charles P. Hagan
AIS #224306
P.O. Box 1107
Elmore, AL 36205

Corey L. Maze
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300

#138798

*62476*
*maze*

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



RELEASED
MAY 21 2004
CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

**Lane W. Mann**
Clerk
**Wanda K. Ivey**
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

<u>MEMORANDUM</u>

CR-03-0471    Montgomery Circuit Court CC-02-305.60; -306.60

<u>Charles Patrick Hagan v. State</u>

McMILLAN, Presiding Judge.

The appellant, Charles Patrick Hagan, filed a Rule 32,
Ala. R. Crim. P., petition, attacking his guilty-plea
convictions for two counts of first-degree robbery. He was
sentenced to 25 years' imprisonment in the state penitentiary.
Hagan did not appeal his convictions.

In his Rule 32 petition, Hagan argued that trial counsel
erroneously advised him that he would be sentenced to 20
years' imprisonment, split to serve seven years. He contended
that he would not have pleaded guilty had he known that he
would receive a 25-year sentence. Therefore, he claimed, his
guilty plea was not knowingly and voluntarily entered, and he
was denied effective assistance of trial counsel. Hagan
further argued that appellate counsel was ineffective for

1



EXHIBIT
E

failing to timely file a notice of appeal.  In an amendment to his petition, Hagan also claimed that his first-degree robbery convictions were illegal because, he said, §§ 13A-4-41(a) and 13A-8-43, Ala. Code 1975, contain the same elements.  After holding a hearing on this matter, the trial court denied Hagan's Rule 32 petition.[1]

On appeal, Hagan argues only that he was improperly convicted of first-degree robbery because § 13A-8-41(a), Ala. Code 1975, is unconstitutional. However, this issue is barred from appellate review because it was not preserved.  Evans v. State, 794 So. 2d 1234, 1236 (Ala. Crim. App. 2000) ("[e]ven constitutional issues must be properly preserved for appellate review").  The proper time for Hagan to have raised this claim was either during his guilty plea proceedings or on appeal. Rules 32.2(a)(3) and (5), Ala. R. Crim. P.

It should be noted, however, that this claim lacks merit, and Hagan would not be entitled to relief if the issue had been properly raised.  Contrary to his assertions, third-degree robbery does not require the use of a deadly weapon or a dangerous instrument.  Because first-degree robbery and third-degree robbery do not contain the same elements, there is no violation of the "merger doctrine".

Hagan does not argue on appeal the remaining claims presented in his Rule 32 petition.  Accordingly, he is deemed to have abandoned these issues.  Brownlee v. State, 666 So. 2d 91, 93 (Ala. Crim. App. 1995).

The judgment of the trial court is affirmed.

AFFIRMED.

Cobb, and Wise, JJ., concur, except Baschab and Shaw, JJ. Concur in result.

---

[1]It appears that this hearing was held on two days.  The record on appeal contains only the portion of the hearing conducted on October 27, 2003.  The duty to ensure that the record is complete lies with the appellant.  Bamberg v. State, 611 So. 2d 450 (Ala. Crim. App. 1992).

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
## THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-03-0471**

Charles Patrick Hagan v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC02-305.60; CC02-306.60).

# CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on May 21st 2004:

## Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 9th day of June, 2004.

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Johnny Hardwick, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Charles Patrick Hagan, Pro Se
Hon. Corey L. Maze, Asst. Attorney General

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-03-0471**

Charles Patrick Hagan v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC02-305.60; CC02-306.60).

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on May 21st 2004:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 9th day of June, 2004.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Johnny Hardwick, Circuit Judge
    Hon. Melissa Rittenour, Circuit Clerk
    Charles Patrick Hagan, Pro Se
    Hon. Corey L. Maze, Asst. Attorney General



EXHIBIT
F

# VOLUME 1 OF 1

COURT OF CRIMINAL APPEALS No. CR 04-0826

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF Montgomery COUNTY, ALABAMA

CIRCUIT COURT NO. CC 02-305.61 & CC 02-306.61

CIRCUIT JUDGE Hardwick

Type of Conviction / Order Appealed From: Rule 32

Sentence Imposed: _____

Defendant Indigent: ☐ YES ☒ NO

Charles P. Hagan
NAME OF APPELLANT

Bruce Gardner (256) 533-5756
(Appellant's Attorney)                    (Telephone No.)
P.O. Box 18636
(Address)
Huntsville          AL          35804-8636
(City)                (State)              (Zip Code)

### V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



# INDEX
## <u>CLERK'S RECORD</u>

CASE ACTION SUMMARY....................................................................      1-2

RULE 32 PETITION...........................................................................      3-7

STATE'S ANSWER TO PETITION FOR RELEIF FROM CONVICTION AND
SENTENCE AND MOTION TO DISMISS................................................      8-13

ORDER SETTING HEARING...............................................................      14

ORDERDISMISSING RULE 32 PETITION.............................................      15-16

NOTICE OF APPEAL........................................................................      17

DOCKETING STATEMENT................................................................      18-18A

REPORTER'S TRANSCRIPT ORDER..................................................      19

APPEAL TRANSMITTALS..................................................................      20-21

CERTIFICATE OF COMPLETION.......................................................      22

```
JC972
OPER: TOR              ALABAMA JUDICIAL INFORMATION SYSTEM          CASE:
PAGE:    1                   CASE ACTION SUMMARY
======================        CIRCUIT   CRIMINAL  =================
IN THE CIRCUIT COURT OF MONTGOMERY                          RUN DATE: 11/05/2004

STATE  OF  ALABAMA                      VS                           JUDGE: J-H
                                             HAGAN CHARLES PATRICK
CASE: CC 2002 000305.61                      DRAPER C.C. 2-2D
                                             P.O. BOX 1107
                                             ELMORE, AL  36025 0000

DOB: 03/16/1983          SEX: M  RACE: B  HT: 5 10   WT: 165    HR: BLK EYES: BLK
SSN: 556811350   ALIAS NAMES:
======================================================================
CHARGE01:                          CODE01: RULE   LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                              AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:
DATE    INDICTED:                        DATE ARRESTED: 12/17/2001
DATE    RELEASED:                        DATE    FILED: 10/20/2004
BOND        AMOUNT:      $200,000.00     DATE  HEARING:
                                            SURETIES:
DATE 1:                    DESC:
DATE 2:                    DESC:              TIME: 0000
                                             TIME: 0000
TRACKING NOS: CC 2002 000305 00  /

  DEF/ATY:                              TYPE:                              /

                                                                        TYPE:

PROSECUTOR:                   00000                          00000

==========================================================================
OTH CSE: CC2002000030500 CHK/TICKET NO:
COURT REPORTER:                        SID NO:              GRAND JURY:
DEF STATUS: PRISON          DEMAND:            000000000
DATE          ACTIONS,  JUDGEMENTS,  AND  NOTES                      OPER: TOR
==========================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 11/05/04 | Copy of Rule 32 Sent to DA |
| 12-9-04 | Order Dismissing Rule 32 |
| 11/15/04 | State's Answer |
| 21/13/05 | Notice Of Appeal w/ forms |
| 22/04/05 | Appl Transmittal to Crim Appls, AG, DA + Def. Atty. |

2

```
A0372
OPER: TOR                   ALABAMA JUDICIAL INFORMATION SYSTEM         C
PAGE:  1                           CASE ACTION SUMMARY
=================================== CIRCUIT  CRIMINAL ================================
IN THE CIRCUIT COURT OF MONTGOMERY                            RUN DATE: 11/05/2004
=====================================================================================
STATE  OF  ALABAMA              VS                                     JUDGE: J-H

CASE: CC 2002 000306.61                  HAGAN CHARLES PATRICK
                                         DRAPER C.C. 2-2D
                                         P.O.BOX 1107
                                         ELMORE, AL  36025 0000
DOB: 03/16/1983         SEX: M  RACE: B  HT: 5 10  WT: 165   HR: BLK EYES: BLK
SSN: 556811350    ALIAS NAMES:
=====================================================================================
CHARGE01:                            CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                            AGENCY/OFFICER:

DATE WAR/CAP ISS:
DATE    INDICTED:                    DATE ARRESTED: 11/09/2001
DATE    RELEASED:                    DATE    FILED: 10/20/2004
BOND       AMOUNT:     $750,000.00   DATE  HEARING:
                                        SURETIES:
DATE 1:                   DESC:
DATE 2:                   DESC:          TIME: 0000
                                        TIME: 0000
TRACKING NOS: CC 2002 000306 00  /

   DEF/ATY:                                  TYPE:
                                                                      /
                                                                            TYPE:

PROSECUTOR:                        00000
                                                          00000

=====================================================================================
OTH CSE: CC20020000306600 CHK/TICKET NO:
COURT REPORTER:                                                   GRAND JURY:
DEF STATUS: PRISON ----------- SID NO:        000000000
=================================== DEMAND: ==========================================
DATE       ACTIONS, JUDGEMENTS, AND NOTES                         OPER: TOR
=====================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 11/05/04 | Copy of Rule 32 Sent to DA |
| 12-9-04 | Order Dismissing Rule 32 |
| 11/15/04 | State's Answer |
| 01/13/05 | Notice Of Appeal w/ Forms |
| 02/04/05 | Appl. Transmittal To Crim Appls + AG, DA & Def. Atty. |

3

Case Number

CC02-305|306.61

ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

Montgomery Circuit Court
[Insert appropriate court]

CHARLES HAGAN  #224306
(Petitioner)

vs.

Montgomery Ala
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, _____ CHARLES HAGAN _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   N/A

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____    No ✓

   b. Rent payments, interest, or dividends?

   Yes _____    No ✓

   c. Pensions, annuities, or life insurance payments?

   Yes _____    No ✓

   d. Gifts or inheritances?

   Yes _____    No ✓

   e. Any other sources?

   Yes _____    No ✓

OCT 2004
Filed
Melissa Rittenour
Circuit Clerk

4

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ____SEPTEMBER 28, 2001____
                    (Date)

_____Charles R Pagon_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _100.10_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Draper Corr. Fac_ _____ Institution:

_____

_____

_10-13-04_
DATE

_F.S.Brown  Asst. Clerk_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
DRAPER CORRECTIONAL FACILITY

5

AIS #: 224306      NAME: HAGAN, CHARLES PATRICK

AS OF: 10/01/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| OCT | 30 | $22.39 | $50.00 |
| NOV | 30 | $36.42 | $200.00 |
| DEC | 31 | $7.35 | $105.00 |
| JAN | 31 | $22.75 | $35.00 |
| FEB | 28 | $27.57 | $120.00 |
| MAR | 31 | $24.22 | $260.00 |
| APR | 30 | $24.68 | $350.00 |
| MAY | 31 | $46.87 | $150.00 |
| JUN | 30 | $30.32 | $240.00 |
| JUL | 31 | $74.39 | $280.00 |
| AUG | 31 | $200.67 | $0.00 |
| SEP | 30 | $53.88 | $100.00 |
| OCT | 1 | $1.15 | $0.00 |

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHARLES PATRICK HAGAN, JR.,                    )

    Petitioner,                    )

                        )

VS.                    )

                        )    CASE NUMBERS: CC2002-305.60  J-H

STATE OF ALABAMA,                    )    CC2002-306.60

    Respondent.                    )



## PETITION FOR RELIEF FROM CONVICTION AND SENTENCE

    Charles Patrick Hagan, Jr., Petitioner herein, brings this Petition for Relief from Conviction and Sentence. Petitioner would show the following:

    1.    Charles Patrick Hagan, Jr., AIS#224306, is presently confined at Draper Correctional Center in Elmore, Alabama, following two convictions in the Circuit Court of Montgomery County, Alabama.

    2.    On June 18, 2002, Petitioner was convicted on two counts of robbery in the first degree. He was sentenced to twenty-five years on each count. Petitioner pleaded guilty to both charges.

    3.    Petitioner did not file a direct appeal of these convictions, but did file a petition for relief pursuant to Rule 32, Alabama Rules of Criminal Procedure.

    4.    Said previous petition was filed in the Circuit Court of Montgomery County, Alabama. The Petitioner raised several claims relating to his counsel's ineffective representation.

    5.    An evidentiary hearing was held. Petitioner was not represented, and was prevented from presenting evidence relating to his claims.

    6.    Petitioner appealed the denial of his first petition, but did not raise his Sixth Amendment claims in the Court of Criminal Appeals. The denial of his initial petition was affirmed by said Court on May 21, 2004.

    7.    The Petitioner specifies the following grounds for relief:

7

A.      The Petitioner was denied the effective assistance of counsel at the trial court level.  Petitioner's counsel *promised* the Petitioner that he would receive a sentence substantially less than that imposed by the trial court.  Further, Petitioner's counsel incorrectly advised the Petitioner as to how long he would actually serve in prison.  Petitioner relied on said representations by counsel to his detriment.  The Petitioner was, therefore, denied his right to the effective assistance of counsel.  The Petitioner would show that his guilty pleas were, therefore, unlawfully induced and violated his rights under the Constitution of the United States and of the State of Alabama.

B.      Petitioner recognizes that this is a successive petition.  The Petitioner was prevented from presenting evidence material to his claims due to ignorance on his part.  The Petitioner would show that he has tape-recorded evidence of the promises made by counsel which he was unable to present to the trial court in his first petition.  This tape recording contains additional facts not known to the Petitioner at the time of his initial petition.  Said facts would further support Petitioner's claims.

8.      Petitioner was represented by Mr. Pitters of Montgomery, Alabama.

I swear, under penalty of perjury, that the foregoing is true and correct this the 9th day of September, 2004.

_____
Charles Patrick Hagan, Jr.

SWORN TO AND SUBSCRIBED before me this the 9th day of September, 2004.

_____
Notary Public
My Commission Expires: 11-20-05

Bruce A. Gardner
Attorney at Law
P. O. Box 18636
Huntsville, AL  35804-8636
Counsel for Petitioner

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,
    **Plaintiff,**

v.

CHARLES PATRICK HAGAN,
    **Defendant.**

)
)
)
)
)
)
)
)

Case No.:  CC–02-0305-06-JH

---

## STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION AND SENTENCE AND MOTION TO DISMISS

**COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable Court to dismiss the Petition for Post Conviction Relief pursuant to Rule 32, Alabama Rules of Criminal Procedure, and as grounds states the following:

## PROCEDURAL HISTORY

Charles Patrick Hagan was indicted by the Montgomery County Grand Jury on March 8, 2002 for two counts of Robbery I, in violation of, § 13A-8-41, Code of Alabama 1975.  The Honorable Amardo Wesley Pitters represented Mr. Hagan in this matter:

On June 18, 2002, Petitioner came before this Court and pled guilty as charged.

The Court conducted a sentencing hearing on July 26, 2002.  The State moved to invoke the Weapons Enhancement and the court granted the motion.  The Court then sentenced Petitioner to 25 years in the penitentiary on each count.

The Petitioner did not file a direct appeal of these convictions.  The Petitioner did file a Rule 32 Petition for Relief on March 10, 2003.  Said petition was denied by this

**9**

honorable Court. On October 22, 2004, the Petitioner filed his second Rule 32 Petition for Relief from Conviction and Sentence by and through his current counsel the Honorable Bruce A. Gardner.

## ALLEGED GROUNDS FOR RELIEF

As a basis for this Petition, Mr. Hagan alleges the following grounds in support of his claims:

1. Petitioner was denied effective assistance of trial counsel and appellate counsel.

The State contends that all averments made by Petitioner are baseless and are due to be denied.

## ARGUMENT

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

## A. STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). This Court must avoid using the benefit of hindsight and must evaluate counsel's conduct as of the time of trial. <u>Ex parte Lawley</u>, 512 So. 2d 1370 (Ala. 1987). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. The Court stated:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be

10

made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.    Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'    There are countless ways to provide effective assistance in any given case.    Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted).   "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct."  Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373, 105 S.Ct. 2727 (1985).

Even if deficient performance is proved, a showing of prejudice is also required. A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different.  Howard v. State, 551 So. 2d 1155, 1158 (Ala.Crim.App. 1989).  Prejudice is proved only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Burnett v. State, 651 So. 2d 57, 58 (Ala.Crim.App. 1994); citing Strickland, 466 U.S. at 694.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial."  Id.  To prove prejudice, the alleged errors of counsel must "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."  Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986).

## B. APPLICATION OF STANDARD TO PETITION

The State contends that Petitioner's allegations are without merit. Petitioner was represented in this matter by extremely able and experienced counsel who at all times acted competently and professionally. Mr. Hagan's defense counsel currently did not represent Petitioner at the time of evidentiary hearings and when Petitioner plead guilty. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel during said phases. There is also no evidence to show that defense counsel's decisions "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986). Furthermore, Strickland requires this Court to examine defense counsel's conduct and Petitioner's plea with a strong presumption that counsel's conduct was appropriate and reasonable. Strickland, 466 U.S. at 689. When defense counsel's conduct is examined in such a light, it becomes evident that Petitioner's argument is unfounded. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper. Boles v. State, 717 So.2d 877 (Ala.Crim.App.1998).

## DEFENSE

### I.    SUCCESSIVE PETITION

The Petitioner has *previously* petitioned this Honorable Court for relief under Rule 32, A.R.Cr.P., and the Court has found for the Respondent on all grounds on said prior petition. The Court denied of Petitioner's first Rule 32 Petition on the merits and Petitioner appealed to the Court of Criminal Appeals. This honorable Court's ruling was

12

affirmed on all grounds. The instant petition is the second petition filed in this case and raises no new grounds for relief. Petitioner raises only one grounds for relief in this latest petition: (1) "Denial of effective assistance of counsel.."

The grounds Petitioner now raises have been raised in the Petitioner's previous Rule 32 Petition. In every instance, Petitioner was denied relief. Petitioner raises no new grounds for relief – the instant petition is merely a repackaging of Petitioner's same timeworn arguments. Accordingly, the petition *sub judice* must be denied as a precluded, successive petition. "The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner" Rule 32.2(b), A.R.Cr.P. Even if Petitioner were raising new grounds (which he is not), his petition would fail because he does not, and cannot, "show that good cause exists why the new ground or grounds were not known or could not have been ascertained...when the first petition was heard." Rule 32.2(b), A.R.Cr.P. *Hill v. State*, 695 So.2d 1223, 1226 (Ala.Crim.App.),cert. denied, 695 So.2d 1223 (Ala.), cert. denied, 117 S.Ct. 1572 (1997).

## CONCLUSION

For the above stated reasons, Petitioner is not entitled to relief on any of his claims, and his conviction and sentence are due to be upheld. There is sufficient evidence to support Petitioner's conviction and sentence; thus, Mr. Hagan's petition is due to be denied. Therefore, the Respondent, the State of Alabama, moves this Honorable Court to dismiss, with prejudice, Mr. Hagan's Petition For Relief From Conviction and Sentence.

B

Respectfully submitted on this the __15__ day of November, 2004.

<div align="center">

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____

MATTHEW D. SHADDRIX
Deputy District Attorney

</div>

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Petitioner's legal counsel, Bruce A. Gardner, P.O. Box 18636 Huntsville, AL 35804-8636, by placing the same in the U. S. Mail, postage prepaid and properly addressed this the __15__ day of November, 2004.

<div align="center">

ELEANOR I. BROOKS
DISTRICT ATTORNEY
_____
MATTHEW D. SHADDRIX
Deputy District Attorney

</div>

14

## IN THE CIRCUIT COURT
## OF MONTGOMERY COUNTY ALABAMA

**STATE OF ALABAMA**

**vs.**

CC-2002-305-306

**HAGAN, CHARLES PATRICK**

### ORDER

This cause having come before the Court is hereby:
ORDERED ADJUGED AND DECREED a **HEARING** is scheduled on the
**12/09/2004 at 9:00AM in Courtroom 4A** of the Montgomery County
Courthouse.

Done  11/16/2004

_/s/ Judge Johnny Hardwick_
**CIRCUIT JUDGE**

CC: Deputy District Attorney
      Attorney



RECEIVED
11-18-04
CIRCUIT COURT CLERK

15

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

Charles Patrick Hagan,                    )
    Petitioner,                          )
                           )                                   . 6
v.                                        )
                           )     Case No.:  CC – 02-0305-06-JH
STATE OF ALABAMA,                         )
Respondent.                               )
                           )

## ORDER

This matter is before the Court on Petitioner's Petition For Relief From Conviction Or Sentence, filed pursuant to Rule 32, A.R.CR.P., and the State's Answer to Petition for Relief and Motion to Dismiss.

Charles Patrick Hagan was indicted by the Montgomery County Grand Jury on March 8, 2002 for two counts of Robbery I, in violation of, § 13A-8-41, Code of Alabama 1975. The Honorable Amardo Wesley Pitters represented Mr. Hagan in this matter.

On June 18, 2002, Petitioner came before this Court and pled guilty as charged.

The Court conducted a sentencing hearing on July 26, 2002. The State moved to invoke the Weapons Enhancement and the court granted the motion. The Court then sentenced Petitioner to 25 years in the penitentiary on each count.

The Petitioner did not file a direct appeal of these convictions. The Petitioner did file a Rule 32 Petition for Relief on March 10, 2003. Said petition was denied by this honorable Court. On October 22, 2004, the Petitioner filed his second Rule 32 Petition for Relief from Conviction and Sentence by and through his current counsel the Honorable Bruce A. Gardner.

Petitioner alleges that he was denied effective assistance of trial counsel. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel. Petitioner has also failed to show that he was prejudiced by defense counsel's actions. The Court record reflects as much. Furthermore, Strickland requires this Court to examine defense counsel's conduct and

RECEIVED
12-13-04

**16**

Petitioner's plea with a strong presumption that counsel's conduct was appropriate and reasonable. <u>Strickland</u>, 466 U.S. at 689. When defense counsel's conduct is examined in such a light, it becomes evident that Petitioner's argument is unfounded. Where the petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper. <u>Boles v. State</u>, 717 So.2d 877 (Ala.Crim.App.1998).

Upon consideration thereof, and having taken judicial notice of the Court's own records, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition is hereby **SUMMARILY DISMISSED** without an evidentiary hearing pursuant to Rule 32.7(d) of the Alabama Rules of Criminal Procedure.

DONE this _9th_ day of ~~November~~ *December* 2004.

_____

Hon. Johnny Hardwick
Circuit Judge
Fifteenth Judicial Circuit

17

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHARLES PATRICK HAGAN, JR.,   )
                                      )
       Petitioner,           )
                                        )
VS.                            )     CASE NUMBERS: CC2002-305.61
                                      )                          CC2002-306.61
STATE OF ALABAMA,        )
                                        )
       Respondent.       )

## NOTICE OF APPEAL TO THE
## COURT OF CRIMINAL APPEALS OF ALABAMA

Notice is hereby given that Charles Patrick Hagan, Jr., appeals to the Court of Criminal Appeals of Alabama from the Order of this Court summarily dismissing his Rule 32 Petition for Relief from Conviction and Sentence entered in this case on December 9, 2004.

This the 13th day of January, 2005.

Bruce A. Gardner (GAR019)
Attorney for Petitioner/Appellant
125 Holmes Avenue, N. W.
P. O. Box 18636
Huntsville, AL  35804-8636
(256) 533-5756

JAN 2005
FILED
Melissa Rittenour
Circuit Clerk

18

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)    8/91

## COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number

### A. GENERAL INFORMATION:

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF   MONTGOMERY                    COUNTY

CHARLES PATRICK HAGAN, JR.                                              , Appellant

v.  [X] STATE OF ALABAMA    [ ] MUNICIPALITY OF

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC2002-0305.61/CC2002-0306.61 | Rule 32 Appeal | Order: 12/9/2004 |

Number of Days of Trial/Hearing    None    Days

Date of Notice of Appeal
Oral:    Written: 1/13/2005

Indigent Status Requested: [ ] Yes [X] No        Indigent Status Granted: [ ] Yes [X] No

### B. REPRESENTATION:

Is Attorney Appointed or Retained?   [ ] Appointed  [X] Retained.   If no attorney, will appellant represent self?  [ ] Yes  [ ] No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

Bruce A. Gardner

Telephone Number
(256) 533-5756

| Address | City | State | Zip Code |
|---|---|---|---|
| P. O. Box 18636 | Huntsville | AL | 35804-8636 |

### C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| None | |
| Codefendant | Case Number |
| | |
| Codefendant | Case Number |
| | |

JAN 2005
FILED
Melissa Rittenour
Circuit Clerk

### D. TYPE OF APPEAL: Please check the applicable block.

1 [ ] State Conviction
2 [X] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (specify):

### E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - §
2 [ ] Homicide - §
3 [ ] Assault - §
4 [ ] Kidnapping/Unlawful Imprisonment - §
5 [ ] Drug Possession - §
6 [ ] Trafficking in Drugs - §
7 [X] Theft - § 13A-8-41
8 [ ] Damage or Intrusion to Property - §
9 [ ] Escape - §
10 [ ] Weapons/Firearms - §
11 [ ] Fraudulent Practices - §
12 [ ] Offense Against Family - §
13 [ ] Traffic - DUI - §
14 [ ] Traffic - Other - §
15 [ ] Miscellaneous (Specify):
- §

### F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes  [X] No

### G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  [X] Yes  [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  1/13/2005
   (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  [ ] Yes  [ ] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes  [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

134

Form ARAP-26 (back)    8/91                  COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.6 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

This is an appeal from the denial of the Appellant's Rule 32 Petition.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1. Whether the trial court erred in failing to provide the Appellant with a hearing where the Appellant's Petition was meritorious on its face.

2. Whether the trial court erred in failing to consider newly discovered evidence.

**K. SIGNATURE:**

1/13/2005
Date

Signature of Attorney/Party Filing this Form

19

| State of Alabama Unified Judicial System Form ARAP- 1C    8/91 | REPORTER'S TRANSCRIPT ORDER – CRIMINAL See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number ___ - ___ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

XX CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF    MONTGOMERY
_____ COUNTY
CHARLES PATRICK HAGAN, JR.

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____ , Appellant

| Case Number CC2002-0305.61 and CC2002-0306.61 | Date of Judgment/Sentence/Order Order:  12/9/2004 |
| Date of Notice of Appeal Oral:    Written:  1/13/2005 | Indigent Status Granted: ☐ Yes  ☒ No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72. CODE OF ALABAMA 1975).

_____    _____
Signature    Date

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below to prepare a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P).):

MARK PROCEEDINGS REQUESTED:

A.  ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B.  ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C.  ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| X   Court Clerk's Record | Unknown | Janet Brown |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____    1/13/2005    Bruce A. Gardner
Signature                    Date                    Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals.   (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

ACR371                              )ALABAMA JUDICIAL DATA CEN  R
              NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                          BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS HAGAN CHARLES PATRICK        JUDGE: HON. JOHNNY HARDWICK

APPEAL DATE: 01/13/2005

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:     ____ YES   _X__ NO
   INDIGENT STATUS REVOKED ON APPEAL:                 ____ YES   _X__ NS N/A
   INDIGENT STATUS GRANTED ON APPEAL:                 ____ YES   _X__ NO
                                                      ____ YES   _X__ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2002 000305.61

ORDER ENTERED(DATE): 12092004 PETITION: X DISMISSED __DENIED __GRANTED

POST-JUDGMENT MOTIONS FILED:     DT FILED       DT DENIED      CON BY AGREE
___ MOTION FOR NEW TRIAL         _____       _____       _____
___ MOTION FOR JUDG. OF ACQUIT   _____       _____       _____
___ MOTION TO W/D GUILTY PLEA    _____       _____       _____
___ MOTION FOR ATTY TO W/DRAW    _____       _____       _____
___ OTHER                        _____       _____       _____

COURT REPORTER(S):
ADDRESS:                                _____
                                        _____
APPELLATE COUNSEL #1:                   _____
ADDRESS:                                GARDNER BRUCE A
                                        P O BOX 18636

PHONE NUMBER:                           HUNTSVILLE      , AL   35804
                                        256-533-5756
APPELLATE COUNSEL #2:
ADDRESS:                                _____
                                        _____
PHONE NUMBER:                           _____

APPELLANT (PRO SE):
ADDRESS:                                HAGAN CHARLES PATRICK
                                        DRAPER C.C. 2-2D
AIS #:                                  ELMORE          , AL   360250000
                                        224306
APPELLEE (IF CITY APPEAL):
ADDRESS:                                _____
                                        _____

I CERTIFY THAT THE INFORMATION PROVIDED                   OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 02/04/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO       _Melissa Rittenour_
THIS ACTION ON THIS 4th DAY OF _FEB_, 2005     CIRCUIT COURT CLERK

✓ ACR371

21

**NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS**
ALABAMA JUDICIAL DATA CENTER
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS HAGAN CHARLES PATRICK          JUDGE: HON. JOHNNY HARDWICK

APPEAL DATE: 01/13/2005

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:                    ____ YES _X__ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:       ____ YES _X__ NO  N/A
INDIGENT STATUS REVOKED ON APPEAL:                              ____ YES _X__ NO
INDIGENT STATUS GRANTED ON APPEAL:                              ____ YES _X__ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2002 000306.61

ORDER ENTERED(DATE): 12092004 PETITION: X DISMISSED ___DENIED ___GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER _____ | _____ | _____ | _____ |

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:
ADDRESS:                                                 GARRISON ROBERT C
                                                               P O BOX 73027

PHONE NUMBER:                                     BIRMINGHAM          , AL  35253
                                                               205-871-3372

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):
ADDRESS:                                                 HAGAN CHARLES PATRICK
                                                               DRAPER C.C.   2-2D
AIS #:                                                        ELMORE               , AL  360250000
                                                               224306
APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                    OPERATOR: DBH
KNOWLEDGE AND I HAVE SERVED A COPY OF               PREPARED: 02/04/2005
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 4th DAY OF FEB____,2005    *Melissa Rittenour*
                                                                           CIRCUIT COURT CLERK

22

| State of Alabama<br>Unified Judicial System | **CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number |
|---|---|---|
| ARAP-14          Rev. 11/91 | | |

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 01/13/05 |
|---|---|
| APPELLANT<br><br>Charles P. Hagan | |
| v.   STATE OF ALABAMA | |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___9th___ day of ___March___, 2005.


___Melissa Rittenour___
Circuit Clerk

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

*Madison 76911*

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

September 2, 2005

**CR-04-0826**

Charles Patrick Hagan v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC02-305.61; CC02-306.61)

## <u>NOTICE</u>

You are hereby notified that on September 2, 2005 the following action was taken in
the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Melissa Rittenour, Circuit Clerk
Bruce A. Gardner, Attorney
Daniel W. Madison, Asst. Atty. Gen.



*n(o9)?madison*

# IN THE SUPREME COURT OF ALABAMA



February 10, 2006

**1041898**

Ex parte Charles Patrick Hagan.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Charles Patrick Hagan v. State of Alabama)  (Montgomery Circuit Court: CC02-305.61; CC02-306.61; Criminal Appeals : CR-04-0826).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

COST TAXED TO PETITIONER.

PARKER, J. -  Nabers, C.J., and Lyons, Woodall, and Smith, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 10th day of February, 2006

*Robert G Esdale Sr.*

Clerk, Supreme Court of Alabama

/bb



# IN THE SUPREME COURT OF ALABAMA



February 10, 2006

**1041898**

Ex parte Charles Patrick Hagan.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Charles Patrick Hagan v. State of Alabama)   (Montgomery Circuit Court: CC02-305.61; CC02-306.61; Criminal Appeals : CR-04-0826).

## CERTIFICATE OF JUDGMENT

## Writ Denied

    The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

COST TAXED TO PETITIONER.

    PARKER, J. -  Nabers, C.J., and Lyons, Woodall, and Smith, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 10th day of February, 2006

*Robert G. Esdale Sr.*

Clerk, Supreme Court of Alabama

EXHIBIT

PENGAD 800-631-6989

/bb