IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES PATRICK HAGAN, JR. )<br>)<br>Petitioner, )<br>)<br>v. )<br>JAMES H. DELOACH, et al., )<br>)<br>Respondents. )<br>)<br>) | CASE NO. 2:07-CV-99-WHA |

## SUPPLEMENTAL RESPONSE

Come now Respondents, by and through the Alabama Attorney General, following this Court's order of May 20, 2007 directing Respondents to submit a copy of the memorandum opinion issued by the Alabama Court of Criminal Appeals on August 12, 2005, affirming the dismissal of Hagan's second Rule 32 petition.

Upon reviewing the Exhibits list submitted with Respondent's answer to Hagan's §2254 petition on March 19, 2007, undersigned counsel discovered that the incorrect document had been submitted as Exhibit H, and in fact, the document appearing as Exhibit H, is the document that should appear as Exhibit I.

Enclosed is the correct document, the August 12, 2005 memorandum opinion that should have been submitted along with the original answer.

Respondents apologize for the inconvenience of this clerical error and request this Court to respectfully consider these changes.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/Daniel W. Madison
Daniel W. Madison (MAD029)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2007, I electronically filed the foregoing Answer including all exhibits with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service a copy of this Answer including exhibits to the following non-CM/ECF participants:

Charles Patrick Hagan
AIS #224306
P.O. Box 1107
Elmore, Alabama 36025

/s/Daniel W. Madison
Daniel W. Madison (MAD029)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: DMadison@ago.state.al.us

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL 36130-0152
(334) 242-7300
238049/HAGAN
105098-001

Madison
76911

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
AUG 1 2 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-04-0826          Montgomery Circuit Court CC-02-305.61;
                                             CC-02-306.61

Charles Patrick Hagan v. State of Alabama

WISE, Judge.

The appellant, Charles Patrick Hagan, appeals the circuit court's denial of his petition for post-conviction relief, filed pursuant to Rule 32, Ala. R. Crim. P., in which he challenged his 2002 guilty-plea convictions for two counts of first-degree robbery, in violation of § 13A-8-41, Ala. Code 1975, and the resulting aggregate sentence of 25 years in the penitentiary.

A direct appeal was filed with this Court, but was dismissed as untimely on December 30, 2002. Hagan filed a Rule 32 petition on March 10, 2003. After an evidentiary

1



hearing, the trial court denied the petition on the merits. This Court affirmed the trial court's dismissal by unpublished memorandum on May 24, 2004. See Hagan v. State, [No. CR-03-0471, May 21, 2004] ___ So. 2d ___ (Ala. Crim. App. 2004)(table).

On October 22, 2004, Hagan filed this, his second Rule 32 petition. In the petition he claimed that he was denied effective assistance of trial counsel. Specifically, he argued that trial counsel promised him that he would receive a sentence that would be substantially less than the sentence imposed by the trial court. He also claimed that trial counsel incorrectly informed him of the length of the sentence he would actually serve. Lastly, Hagan acknowledges that the petition is successive; however, he alleged that he had new evidence material to his claims in the form of an audiotaped conversation revealing the promises made by trial counsel which he was unable to present to the trial court in his first petition through his own ignorance. The trial court, in a detailed written order, denied Hagan's petition on December 13, 2004. The trial court held that Hagan's claims were bare allegations with no evidence to support his claim that counsel rendered ineffective assistance and that he had failed to show any prejudice; thus, he did not meet the mandates of Strickland v. Washington, 466 U.S. 668 (1984).

On appeal, Hagan argues that his plea was involuntary and that he was denied ineffective assistance of counsel; on that basis, he claims that the trial court erred when it denied his petition without holding an evidentiary hearing on those meritorious claims.

Initially, we note that, because Hagan did not first present to the trial court his argument that the trial court erroneously dismissed his petition without holding an evidentiary hearing, Hagan has not preserved this claim for appellate review. Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991). Also, "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997).

In addition, Hagan's claim regarding the voluntariness of his plea, and his claim that his counsel misrepresented the

time he would receive by pleading guilty are not properly before this Court. While Hagan attempts to couch his claims in jurisdictional language, these claims are non-jurisdictional issues that are subject to the one-year limitations period outlined in Rule 32.2(c), Ala. R. Crim. P.

This Court has consistently held that claims involving challenges to the voluntariness of a guilty plea are non-jurisdictional claims subject to the time bars set out in Rule 32.2(c), Ala.R.Crim.P. See Waddle v. State, 784 So. 2d 367, 369 (Ala. Crim. App. 2000) (challenges to the voluntariness of a guilty plea are non-jurisdictional); Faulkner v. State, 741 So. 2d 462 (Ala. Crim. App. 1999) (claims relating to the voluntariness of a guilty plea are non-jurisdictional)(ineffective assistance claims that are filed outside of the limitations period set in Rule 32.2(c), Ala. R. Crim. P. are procedurally barred).[1]

Here, Hagan's claim of ineffective assistance of trial counsel was barred as successive under Rule 32.2(b) because they could have been raised in his first Rule 32 petition. Further claims that were not raised in the previous petition are procedurally barred pursuant to the second part of Rule 32.2(b) because Hagan made no attempt to show cause why the claims could not have been raised in his previous petition or to show that failure to entertain the new claims would result in a miscarriage of justice. Finally, Hagan's claim of ineffective counsel was barred under Rule 32.2(d).

Rule 32.7(d), Ala. R. Crim. P., provides for the summary disposition of a Rule 32 petition only "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala. R. Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings ...." Because Hagan failed to allege facts sufficient to support his allegations; his petition was successive under Rule 32.2(b), Ala. R. Crim. P.; and his petition was time-barred under Rule 32.2(c), Ala. R.

---

[1]Effective August 1, 2002, the limitations period in Rule 32.2(c), Ala. R. Crim. P., is one year.

3

Crim. P., the trial court's summary dismissal of Hagan's petition was proper. Thus, we affirm the trial court's ruling summarily dismissing Hagan's petition. If the trial court's ruling denying the petition is correct for any reason, we will not reverse its decision. Mead v. State, 449 So.2d 1279 (Ala. Crim. App. 1984).

For all of the foregoing reasons, the judgment of the trial court is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., concurs. Cobb, Baschab, and Shaw, JJ., concur in the result.

4