IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES PATRICK HAGAN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-99-WHA |
| | ) | |
| JAMES H. DELOACH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Charles Patrick Hagan, Jr. ["Hagan"], a state inmate, on February 5, 2007. In this petition, Hagan challenges convictions for first degree robbery entered against him by the Circuit Court of Montgomery County, Alabama on June 18, 2002. On July 26, 2002, the trial court sentenced Hagan to twenty-five (25) years imprisonment on each conviction. Hagan failed to properly file a direct appeal and these convictions therefore became final by operation of law on September 6, 2002.

The respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Specifically, the respondents contend that because Hagan's robbery convictions became final in 2002 -- after the effective date of the statute of

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

limitations -- Hagan must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any ***properly filed*** state post-conviction petition related to the convictions remained pending in the state courts. The respondents concede that Hagan filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, on March 10, 2003 which tolled the limitation period. However, they maintain that even allowing a tolling of the limitation period during the pendency of the aforementioned state petition the limitation period expired prior to Hagan filing the instant federal habeas petition. *Respondents' Answer* at 5. The respondents likewise acknowledge that Hagan, through counsel, filed a second Rule 32 petition on October 22, 2004 but argue that such petition did not toll the federal period of limitation. Specifically, the respondents maintain that because Hagan filed this second Rule 32 petition after expiration of Alabama's one-year period of limitation applicable to Rule 32 petitions this petition failed to toll the limitation period relevant to the filing of a federal habeas petition as the state petition was not properly filed so as to warrant statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(2).[2] *Respondents' Answer* at 5-6; *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very

---

[2] The Circuit Court of Montgomery County summarily dismissed the petition. On appeal of this decision, the Alabama Court of Criminal Appeals determined that Hagan's second Rule 32 "petition was time-barred under Rule 32.2(c) ...." *Respondents' Exhibit H - Memorandum Opinion of the Alabama Court of Criminal Appeals on Appeal from Denial of Second Rule 32 Petition* at 3.

initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.").

Upon review of the pleadings filed by the parties and controlling federal law, it appears that Hagan's federal habeas petition filed with this court on February 5, 2007 is precluded from review by this court as Hagan filed this petition outside § 2244(d)(1)'s one-year period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment(s) expires. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211

<pre>
</pre>

F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. §2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id*. However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner preserves his right to seek this relief.

The Circuit Court of Montgomery County convicted Hagan on two counts of first degree robbery on June 18, 2006. The court subsequently sentenced Hagan for these convictions on July 26, 2002. Hagan did not properly file a direct appeal of his robbery convictions as his attempted appeal was dismissed by the Alabama Court of Criminal Appeals as untimely. Since Hagan failed to undertake the direct appeal process, the convictions challenged in the present petition became final on September 6, 2002 -- forty-two days after imposition of sentence -- as this is the date on which Hagan's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-

year period of limitation contained in section 2244(d)(1)(A) therefore began to run on September 7, 2002.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a ***properly filed*** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." (emphasis added).  The court finds that the limitation period ran for 184 days after Hagan's convictions became final until his filing a Rule 32 petition in the Circuit Court of Montgomery County on March 10, 2003.[3]  This petition remained pending in the state courts until issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on June 9, 2004.  *See Respondents' Exhibit F*.  At such time, Hagan had 181 days remaining within which to timely file a federal habeas petition.  Although Hagan, with the assistance of counsel, filed a second Rule 32 petition on October 22, 2004, this collateral action had no impact on the running of the federal limitation period as this petition was not properly filed, i.e., Hagan failed to file the second Rule 32 petition within the applicable one-year period of limitation established under state law and the Alabama Court of

---

[3] Hagan certified that he submitted the Rule 32 petition to prison official for mailing on March 10, 2003.  A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988).  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  Thus, March 10, 2003 is the appropriate date of filing for Hagan's first Rule 32 petition.

Criminal Appeals determined that this "petition was time-barred under Rule 32.2(c)." *Respondents' Exhibit H - Memorandum Opinion of the Alabama Court of Criminal Appeals on Appeal from Denial of Second Rule 32 Petition* at 3; Rule 32.2(c), *Alabama Rules of Criminal Procedure* (as amended March 22, 2002, effective August 1, 2002) ("[T]he court shall not entertain any petition for relief from a conviction or sentence ... unless the petition is filed ... within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals."); *Pace v. DiGuglielmo*, *supra*. Thus, the federal limitation period began to run again on June 10, 2004 and ran without interruption until its expiration on December 7, 2004.

Under the circumstances of this case as outlined herein, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over two years prior to Hagan filing his 28 U.S.C. § 2254 petition with this court. Accordingly, it is

ORDERED that on or before April 9, 2007 the petitioner shall show cause why his petition should not be dismissed as he failed to file the petition within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 21st day of March, 2007.

                                               /s/ Charles S. Coody
                                              CHARLES S. COODY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE